**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BAKER, WILLIAM DAVIS, BRIAN HUNTING, LOUIS CORVI, and CHRISTOPHER HACKETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO INC.,<br>Defendant. | Case No. 1:25-cv-2797-DLC<br><br>Hon. Denise L. Cote |

**DEFENDANT YAHOO INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

Third-Party Privacy Policies ........ 1
Third-Party Sign-Up Pages ........ 3
Yahoo's Policies And Webpages ........ 4
Legislative History ........ 6
Argument ........ 7
    A. Privacy Policies And Sign-Up Pages ........ 7
    B. Legislative History ........ 12
Conclusion ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allen v. WestPoint-Pepperell, Inc.*,
945 F.2d 40 (2d Cir. 1991)....................6

*Aubrey v. New Sch.*,
624 F. Supp. 3d 403 (S.D.N.Y. 2022)....................10

*Bais Yaakov of Spring Valley v. Alloy, Inc.*,
936 F. Supp. 2d 272 (S.D.N.Y. 2013)....................11

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)....................7, 9

*Carter v. Scripps Networks*, *LLC*,
670 F. Supp. 3d 90 (S.D.N.Y. 2023)....................10

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)....................6, 9

*Fernandez v. Zoni Language Centers, Inc.*,
2016 WL 2903274 (S.D.N.Y. May 18, 2016),
*aff'd*, 858 F.3d 45 (2d Cir. 2017)....................10

*Goe v. Zucker*,
43 F.4th 19 (2d Cir. 2022)....................6, 11

*Golden v. NBCUniversal Media, LLC*,
688 F. Supp. 3d 150 (S.D.N.Y. 2023)....................10

*Guzman v. Bldg. Serv. 32BJ Pension Fund*,
2023 WL 2526093 (S.D.N.Y. Mar. 15, 2023)....................7, 8, 9

*Hesse v. Godiva Chocolatier, Inc.*,
463 F. Supp. 3d 453 (S.D.N.Y. 2020)....................6, 10

*Hughes v. Nat'l Football League*,
2024 Wl 4063740 (S.D.N.Y. Sept. 5, 2024)....................10

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. Jan. 5, 2023)....................8

*Orozco v. Fresh Direct, LLC*,
2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016)....................9

*Shapiro v. Peacock TV*,
2025 WL 968519 (S.D.N.Y. Mar. 31, 2025)....................10

*Territory of Alaska v. Am. Can Co.*,
358 U.S. 224 (1959)....................11

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Thorne v. Square, Inc.*,
2022 WL 542383 (E.D.N.Y. Feb. 23, 2022)....................10, 11

*Wang v. Pataki*,
396 F. Supp. 2d 446 (S.D.N.Y. 2005)....................11

*Wilson v. Triller, Inc.*,
598 F. Supp. 3d 82 (S.D.N.Y. 2022)....................8

**Rules**

Fed. R. Evid. 201 ....................9

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201, defendant Yahoo Inc. ("Yahoo"), through its undersigned counsel, respectfully requests that the Court take judicial notice of, and/or deem as incorporated by reference, the following exhibits, filed in support of its motion to dismiss, which are attached to the accompanying Declaration of Jacob U. Arber.

**Third-Party Privacy Policies**

**Exhibit 1-A** is a true and correct copy of Paramount's Privacy Policy (which applies to the CBS Sports website), with an effective date of February 26, 2025, which is publicly available on Paramount's website: https://www.viacomcbsprivacy.com/en/policy.

**Exhibit 1-B** is a true and correct copy of Paramount's Privacy Policy (which applies to the CBS Sports website), with an effective date of April 15, 2024, available on the Internet Archive: https://web.archive.org/web/20240416045644/https://privacy.paramount.com/en/policy.

**Exhibit 1-C** is a true and correct copy of Paramount's Privacy Policy (which applies to the CBS Sports website), with an effective date of March 4, 2021, available on the Internet Archive: https://web.archive.org/web/20220513131351/https://privacy.paramount.com/en/policy.

**Exhibit 2-A** is a true and correct copy of Move Inc.'s Privacy Policy (which applies to Realtor.com), with an effective date of July 14, 2025, which is publicly available on Realtor.com's website: https://www.realtor.com/privacy-notice/.

**Exhibit 2-B** is a true and correct copy of Move Inc.'s Privacy Policy (which applies to Realtor.com), with an effective date of January 2, 2025, available on the Internet Archive: https://web.archive.org/web/20250114062341/https://www.realtor.com/privacy-notice/.

**Exhibit 3-A** is a true and correct copy of Move Inc.'s Cookie Policy (which applies to Realtor.com), with an effective date of March 11, 2025, which is publicly available on

Realtor.com's website: https://www.realtor.com/about/cookie-notice.php.

**Exhibit 3-B** is a true and correct copy of Move Inc.'s Cookie Policy (which applies to Realtor.com), with an effective date of August 21, 2024, available on the Internet Archive: https://web.archive.org/web/20250117231744/https://www.realtor.com/about/cookie-notice.php.

**Exhibit 4-A** is a true and correct copy of A360 Media, LLC and Accelerate 360's Privacy Policy ("A360") (which applies to the US Magazine website), with an effective date of January 22, 2025, which is publicly available on A360's website: https://accelerate360.com/business-services/a360-media/privacy-policy/.

**Exhibit 4-B** is a true and correct copy of A360 Media, LLC and Accelerate 360's Privacy Policy ("A360") (which applies to the US Magazine website), with an effective date of November 7, 2024, available on the Internet Archive: https://web.archive.org/web/20241119013026/https://accelerate360.com/privacy-policy/.

**Exhibit 4-C** is a true and correct copy of A360 Media, LLC and Accelerate 360's Privacy Policy ("A360") (which applies to the US Magazine website), with an effective date of June 28, 2024, available on the Internet Archive: https://web.archive.org/web/20240628174317/https://accelerate360.com/privacy-policy/.

**Exhibit 4-D** is a true and correct copy of A360 Media, LLC and Accelerate 360's Privacy Policy ("A360") (which applies to the US Magazine website), with an effective date of November 30, 2023, available on the Internet Archive: https://web.archive.org/web/20240318233124/https://accelerate360.com/privacy-policy/.

**Exhibit 4-E** is a true and correct copy of A360 Media, LLC and Accelerate 360's Privacy Policy ("A360") (which applies to the US Magazine website), with an effective date of May 5, 2022, available on the Internet Archive: https://web.archive.org/web/20220528051901/

https://accelerate360.com/privacy-policy/.

**Exhibit 5-A** is a true and correct copy of A360 Media, LLC and Accelerate 360's Cookie Policy ("A360") (which applies to the US Magazine website), as it appeared on May 27, 2025, available on the Internet Archive: https://web.archive.org/web/20250527150040/https://accelerat e360.com/business-services/a360-media/cookie-policy/.

**Exhibit 5-B** is a true and correct copy of A360 Media, LLC and Accelerate 360's Cookie Policy ("A360") (which applies to the US Magazine website), as it appeared on April 17, 2024, available on the Internet Archive: https://web.archive.org/web/20240417000445/https://accelerat e360.com/business-services/a360-media/cookie-policy/.

**Exhibit 5-C** is a true and correct copy of A360 Media, LLC and Accelerate 360's Cookie Policy (which applies to the US Magazine website), as it appeared on August 5, 2022, available on the Internet Archive: https://web.archive.org/web/20220805023836/https://accelerate360. com/business-services/a360-media/cookie-policy/.

**Third-Party Sign-Up Pages**

**Exhibit 6-A** is a true and correct copy of the sign-up page for CBS Sports, as it appeared on June 17, 2025, which is publicly available on CBS Sports' website: https://www.cbssports.com/registration.

**Exhibit 6-B** is a true and correct copy of the sign-up page for CBS Sports, as it appeared on April 20, 2024, available on the Internet Archive: https://web.archive.org/web/ 20240420201046/https://www.cbssports.com/registration.

**Exhibit 7** is a true and correct copy of the sign-up page for Realtor.com, as it appeared on June 24, 2025, which is publicly available on Realtor.com's website: https://www.realtor.com/ (Select "Log in or create an account"; enter email address and press "Continue").

**Exhibit 8** is a true and correct copy of the sign-up page for US Magazine, as it appeared on June 17, 2025, which is publicly available on US Magazine's website: https://www.usmagazine.com/ (Select "Need an account? Sign up now!").

**Yahoo's Policies and Webpages**

**Exhibit 9-A** is a true and correct copy of Yahoo's Privacy Policy, as it appeared on December 6, 2024, available on the Internet Archive: https://web.archive.org/web/20241206183120/https://legal.yahoo.com/us/en/yahoo/privacy/index.html.

**Exhibit 9-B** is a true and correct copy of Yahoo's Privacy Policy, as it appeared on September 27, 2024, available on the Internet Archive: https://web.archive.org/web/20240927134651/https://legal.yahoo.com/us/en/yahoo/privacy/index.html.

**Exhibit 9-C** is a true and correct copy of Yahoo's Privacy Policy, as it appeared on July 19, 2023, available on the Internet Archive: https://web.archive.org/web/20230719102819/https://legal.yahoo.com/us/en/yahoo/privacy/index.html.

**Exhibit 9-D** is a true and correct copy of Yahoo's Privacy Policy, as it appeared on September 1, 2021, available on the Internet Archive: https://web.archive.org/web/20210901210219/https://legal.yahoo.com/us/en/yahoo/privacy/index.html.

**Exhibit 10-A** is a true and correct copy of Yahoo's Privacy Policy: Collection, Use, and Linking Technical Identifiers, as it appeared on May 30, 2025, available on the Internet Archive: https://web.archive.org/web/20250530081427/https://legal.yahoo.com/us/en/yahoo/privacy/technical-identifiers/index.html.

**Exhibit 10-B** is a true and correct copy of Yahoo's Privacy Policy: Collection, Use, and Linking Technical Identifiers, as it appeared on April 1, 2024, available on the Internet Archive: https://web.archive.org/web/20240401071905/https://legal.yahoo.com/us/en/yahoo/privacy/techn

ical-identifiers/index.html.

**Exhibit 10-C** is a true and correct copy of Yahoo's Privacy Policy: Collection, Use, and Linking Technical Identifiers, as it appeared on September 22, 2021, available on the Internet Archive: https://web.archive.org/web/20210922104644/https://legal.yahoo.com/us/en/yahoo/privacy/technical-identifiers/index.html.

**Exhibit 11-A** is true and correct copy of Yahoo's Cookie Policy, as it appeared on May 14, 2025, available on the Internet Archive: https://web.archive.org/web/20250514105955/https:/legal.yahoo.com/us/en/yahoo/privacy/topics/cookies/index.html.

**Exhibit 11-B** is true and correct copy of Yahoo's Cookie Policy, as it appeared on April 25, 2024, available on the Internet Archive https://web.archive.org/web/20240425192139/https:/legal.yahoo.com/us/en/yahoo/privacy/topics/cookies/index.html.

**Exhibit 11-C** is a true and correct copy of Yahoo's Cookie Policy, as it appeared on September 15, 2021, available on the Internet Archive: https://web.archive.org/web/20210915062927/https://legal.yahoo.com/us/en/yahoo/privacy/topics/cookies/index.html.

**Exhibit 12-A** is a true and correct copy of Yahoo's ConnectID Integration Page, as it appeared on May 14, 2025, available on the Internet Archive: https://web.archive.org/web/20250514133850/https://help.yahooinc.com/connect-id/docs/integrating-with-yahoo-connectid.

**Exhibit 12-B** is a true and correct copy of Yahoo's ConnectID Integration Page, as it appeared on September 8, 2024, available on the Internet Archive: https://web.archive.org/web/20240908120007/https://help.yahooinc.com/connect-id/docs/integrating-with-yahoo-connectid.

**Exhibit 13-A** is a true and correct copy of Yahoo's ConnectID Opt-out Portal, as it appeared on May 20, 2025, available on the Internet Archive: https://web.archive.org/web/20250520071908/https://guce.yahoo.com/connectid/optout.

**Exhibit 13-B** is a true and correct copy of Yahoo's ConnectID Opt-out Portal, as it appeared on May 29, 2024, available on the Internet Archive: https://web.archive.org/web/20240529171105/https://guce.yahoo.com/connectid/optout.

**Exhibit 14-A** is a true and correct copy of Yahoo's Opt-In Opt-Out Toggle, as it appeared on February 19, 2025, available on the Internet Archive: https://web.archive.org/web/20250219185427/https://help.yahooinc.com/connect-id/docs/create-an-easy-opt-in-opt-out-toggle.

**Exhibit 14-B** is a true and correct copy of Yahoo's Opt-In Opt-Out Toggle, as it appeared on October 6, 2024, available on the Internet Archive: https://web.archive.org/web/20241006140250/https://help.yahooinc.com/connect-id/docs/create-an-easy-opt-in-opt-out-toggle.

**Legislative History**

**Exhibit 15** is a true and correct copy of the Legislative Counsel's Digest for Assembly Bill No. 929, dated August 13, 2015.

**Exhibit 16** is a true and correct copy of the Hearing of the Assembly Committee on Appropriations regarding Assembly Bill No. 929, dated April 29, 2015.

**Exhibit 17** is a true and correct copy of the Assembly Floor Analysis, Concurrence in Senate Amendments regarding Assembly Bill No. 929, dated June 17, 2015.

**Exhibit 18** is a true and correct copy of the Hearing of the Assembly Committee on Privacy and Consumer Protection regarding Assembly Bill No. 929, dated April 21, 2015.

**Exhibit 19** is a true and correct copy of the Hearing of the Assembly Committee on Public Safety regarding Assembly Bill No. 929, dated April 7, 2015.

**Exhibit 20** is a true and correct copy of the Senate Floor Analysis regarding Assembly Bill No. 929, dated July 1, 2015.

**Exhibit 21** is a true and correct copy of the Hearing of the Senate Committee on Public

Safety regarding Assembly Bill No. 929, dated June 16, 2015.

## ARGUMENT

In ruling on a motion to dismiss, the Court may consider documents incorporated in the complaint by reference or matters subject to judicial notice. *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 462 (S.D.N.Y. 2020). Exhibits 1-14—specific website privacy policies and sign-up pages—are both incorporated by reference and subject to judicial notice because plaintiffs' class action complaint ("CAC") refers to and relies on their contents and they are accessible on public websites. Additionally, the Court may take judicial notice of Exhibits 15-21 because they are public documents detailing the legislative history of a law under which plaintiffs bring certain claims in this case. *See Goe v. Zucker*, 43 F.4th 19, 29 (2d Cir. 2022).

### A. Privacy Policies and Sign-Up Pages

The Court may consider Exhibits 1-14 because they are both incorporated by reference into the CAC and judicially noticeable records.

***Incorporation by reference.*** A document is incorporated by reference and may be considered on a motion to dismiss where a plaintiff had notice of and relied on the document in its complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (finding that the district court "could have viewed the [documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"). Courts apply the incorporation-by-reference doctrine to consider documents outside the complaint when the complaint "make[s] a clear, definite and substantial reference to the documents." *Guzman v. Bldg. Serv. 32BJ Pension Fund*, 2023 WL 2526093, at *6 (S.D.N.Y. Mar. 15, 2023) (citation omitted). The Court may also consider a document not explicitly referenced in the

complaint if the complaint "'relies heavily upon its terms and effect,' which renders the document integral to the complaint." *Id*. (citation omitted); *see also Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 200 (S.D.N.Y. 2008) ("Consideration of such documents is permissible because the pleading party has actual notice of the documents and relied upon them in bringing suit, even if they are not explicitly referenced."). For the document to be considered under the incorporation-by-reference doctrine, there must be "no dispute … regarding the authenticity or accuracy of the document" and "'no material disputed issues of fact regarding the relevance of the document.'" *Guzman*, 2023 WL 2526093, at *6 (citation omitted). Exhibits 1-14 all easily satisfy these prerequisites to incorporation.

*First*, Exhibits 1-8—the contents of CBS Sports', Realtor.com's and US Magazine's websites' sign-up pages and privacy policies, including documents linked to and incorporated into those privacy policies (such as cookie policies)—are incorporated by reference in the CAC. These documents underpin plaintiffs' claims. Plaintiffs assert that they hold accounts with and frequent the websites of CBS Sports, Realtor.com, and US Magazine, and rely on their status as account holders of these websites to support their claims against Yahoo. CAC ¶¶ 13, 18, 23, 28, 33. Plaintiffs further claim that their relationship with these third-party websites—and, in particular, their status as account holders—is the method through which Yahoo allegedly collected their data. *Id.* ¶¶ 89-93. Similarly, plaintiffs' consent-related assertions are directly dependent on the contents of the webpages and privacy policies of these third-party websites. *See, e.g.*, *id.* ¶ 88 ("When a user visits CBS Sports (at the following domain: https://www.cbssports.com/), users are not prompted to agree to cookies or other forms of online tracking."). Yet Plaintiffs do not append to the CAC the documents that undergird the account-holder relationships on which their claims are based: There is no description of either the processes they necessarily followed or the policies

they necessarily agreed to when they became account holders and which govern their relationship with these third-party websites.[1] Plaintiffs' allegations that they were unaware of or did not consent to the collection and sharing of their data with Yahoo are belied by the policies and sign-up pages attached as Exhibits 1-8, which disclose the data practices about which plaintiffs complain. The incorporation-by-reference doctrine dictates that, under these circumstances, Exhibits 1-8 can and should be considered on this motion. *See Guzman*, 2023 WL 2526093, at *6.

*Second*, Exhibits 9-14—consisting of Yahoo's Privacy Policies, ConnectID's web pages, and Yahoo's Opt-Out options—are also incorporated by reference in the CAC. Plaintiffs explicitly refer to Yahoo's website to describe how ConnectID works. *E.g.*, CAC ¶¶ 5-9, 15, 20, 25, 30, 35, 62, 64-76; *see also Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) (where the website is "at the center of Plaintiffs' allegations, … the Court may consider the website in its totality"). Plaintiffs' references to these pages amount to incorporation by reference into the CAC. *See Guzman*, 2023 WL 2526093, at *6 (finding certain letters incorporated by reference because "Plaintiff detail[ed] each of these letters in three separate paragraphs" in the complaint); *Orozco*, 2016 WL 5416510, at *5. Because these web pages are integral to the CAC and form the basis of plaintiffs' claims, including plaintiffs' assertion that Yahoo intentionally intercepted their personally identifiable information from third-party websites without their consent, the Court may consider them in conjunction with Yahoo's motion to dismiss. *See, e.g.*, *Wilson v. Triller, Inc.*, 598 F. Supp. 3d 82, 86-87, 94 (S.D.N.Y. 2022) (considering privacy policy

---

[1] Plaintiffs do not allege when they first created their accounts with these third-party websites. For the sake of completeness, Yahoo includes all versions of the sign-up pages and applicable policies as they existed in the 12 months prior to the filing of the Complaint because "CIPA has a one-year statute of limitations" and plaintiffs do not plead any delayed discovery doctrine. *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 901 (N.D. Cal. Jan. 5, 2023). Yahoo has also included policies, to the extent available, from 2021, based on the three-year statute of limitations applicable to plaintiffs' claim under GBL § 349 and CDAFA. *See* N.Y. C.P.L.R. § 214; CDAFA § 502(e)(5).

and account creation process for social media application because documents were incorporated by reference, and finding plaintiff's unjust enrichment claim was precluded because plaintiff consented to data collection and sharing); *Berman*, 580 F. Supp. 2d at 200-01 (letter of understanding between the two parties was "properly within Court's review" because it "memorialize[d]" the parties' "working relationship" forming the basis of plaintiffs' breach of fiduciary duty claim).

Plaintiffs likewise explicitly refer to and rely on Yahoo's Privacy Policy[2] throughout the CAC to illustrate Yahoo's alleged lack of disclosure in support of their claims. *See* CAC ¶¶ 7, 63, 98 (alleging that Yahoo's Privacy Policy "does not provide any information" for plaintiffs "to understand which websites and online services use ConnectID" and that Yahoo's Privacy Policy "makes no mention … at all" of Yahoo's ConnectID nor of Yahoo's alleged practice of "sharing directly identifiable email addresses"); *see also id.* ¶¶ 103, 109. But plaintiffs cherry-picked portions of these documents and ignored others. For example, plaintiffs failed to acknowledge the existence of Yahoo's opt-out options, which are clearly stated and linked within its Privacy Policy. The Court should consider Yahoo's Privacy Policy, which is discussed at length in the CAC, in its entirety—including the opt-out pages—rather than consider in isolation the select portions of that Privacy Policy excerpted by plaintiffs in their CAC. *See Guzman*, 2023 WL 2526093, at *6 ("The purpose of the [incorporation-by-reference] rule is to prevent complaints from being invulnerable at the motion to dismiss stage purely 'by clever drafting.'" (citation omitted)).

[2] Likewise, the Court should also consider Yahoo's ConnectID page because plaintiffs explicitly rely on it to explain the different methods by which third-parties can incorporate the technology on their websites. *See* CAC ¶¶ 61-78.

Because these documents are incorporated by reference and are "integral" to plaintiffs' claims, the Court should consider them when ruling on Yahoo's motion to dismiss. *Cortec Indus.*, 949 F.2d at 48.

***Judicial Notice***. The Court may also take judicial notice of Exhibits 1-14 under Federal Rule of Evidence 201 because they are available on publicly accessible websites whose authenticity is not contested and the contents of these websites are not subject to any reasonable dispute. *See* Fed. R. Evid. 201; *see also Hesse*, 463 F. Supp. 3d at 463. Courts within this Circuit frequently take judicial notice of websites and their contents, including published privacy policies. *See, e.g.*, *Thorne v. Square, Inc.*, 2022 WL 542383, at *1, *11 (E.D.N.Y. Feb. 23, 2022) (taking judicial notice of "relevant sign-up flow" and "archived web pages from the Wayback Machine of the terms of service in effect when each Plaintiff registered" and finding plaintiffs manifested assent to terms of service and privacy policy); *Hughes v. Nat'l Football League*, 2024 Wl 4063740, at *1-2 (S.D.N.Y. Sept. 5, 2024) (taking judicial notice of privacy policy); *Hesse*, 463 F. Supp. 3d at 462-63 (same); *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 165 & n.14 (S.D.N.Y. 2023) (taking judicial notice of archived webpage reflecting absence of account creation process); *Fernandez v. Zoni Language Centers, Inc.*, 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016), *aff'd*, 858 F.3d 45 (2d Cir. 2017) (taking judicial notice of website and its contents); *Shapiro v. Peacock TV*, 2025 WL 968519, at *6 n.4 (S.D.N.Y. Mar. 31, 2025) (same); *Carter v. Scripps Networks*, *LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. 2023) (same). This includes content from websites accessed through the Internet Archive's Wayback Machine. *See, e.g.*, *Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 407-08 (S.D.N.Y. 2022) ("[C]ourts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned under Federal Rule of Evidence 201…." (citation omitted)); *Thorne*, 2022 WL 542383, at *1 (same).

The Court should follow the same approach here. Exhibits 1-14 are public web pages and there is no dispute as to their authenticity. *See, e.g.*, *Shapiro*, 2025 WL 968519, at *6 n.4 (taking judicial notice of Peacocktv.com because "neither [p]arty has disputed [its] authenticity … nor could they, as both [p]arties rely on information from the site"). Courts in this district have held that publicly available web pages, including privacy policies, are not subject to reasonable dispute and their contents can be accurately and readily determined. These documents are thus judicially noticeable, and the Court should consider them in connection with Yahoo's motion.

**B. Legislative History**

Exhibits 15-21 are judicially noticeable as relevant legislative history. The Second Circuit has long held that courts may take judicial notice of legislative history. *See Goe*, 43 F.4th at 29 ("As a fundamental matter, courts may take judicial notice of legislative history." (citing *Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226-27 (1959))). And it is common practice for district courts within this Circuit to judicially notice the legislative history of bills that are relevant to a claim. *See, e.g.*, *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 278 (S.D.N.Y. 2013) (taking judicial notice of materials including legislative history because they are "public documents"); *see also Wang v. Pataki*, 396 F. Supp. 2d 446, 453 n.1 (S.D.N.Y. 2005) (same).

Exhibits 15-21 contain the legislative history of Assembly Bill No. 929, which introduced California Penal Code Sections 638.50 and 638.51, the bases for one of plaintiffs' claims. These documents are public records that may aid the Court in "explain[ing] the decision-making of state authorities" and illuminating the meaning of Section 638.51. *Goe*, 43 F.4th at 29. Therefore, the Court may—and should—take judicial notice of them.

## CONCLUSION

Under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, the Court should consider Exhibits 1-14 to the accompanying Arber Declaration when ruling on Yahoo's motion to dismiss. The Court also should take judicial notice of Exhibits 15-21 as relevant legislative history.

Dated: August 4, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: *<u>/s/ Lauren Goldman</u>*

Lauren Goldman
LGoldman@gibsondunn.com
Jacob Arber
JArber@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Eric D. Vandevelde (*pro hac vice*)
EVandevelde@gibsondunn.com
Ilissa Samplin
ISamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000

*Attorneys for Defendant Yahoo, Inc.*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 3,193 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c).

I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 4, 2025

By: */s/ Lauren Goldman*
Lauren Goldman