**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

TYLER BAKER, WILLIAM DAVIS, BRIAN HUNTING, LOUIS CORVI, CHRISTOPHER HACKETT, and RATIEK LOWERY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

YAHOO INC.,

Defendant.

Case No. 1:25-cv-02797-DLC

Hon. Denise L. Cote

**PLAINTIFFS' OPPOSITION TO DEFENDANTS YAHOO INC. AND YAHOO AD TECH LLC'S REQUEST FOR JUDICIAL NOTICE**

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 1

III. ARGUMENT .......... 2

A. Third Parties' Privacy Policies and Sign-up Pages Are Irrelevant .......... 2

i. Yahoo Cannot Show Plaintiffs' Notice of or Assent to These Privacy Policies and Sign-up Pages .......... 2

ii.Thiry Parties' Privacy Policies Cannot Give Rise to Consent Anyway .......... 4

B. Yahoo's Privacy Policies and Webpages Are Irrelevant .......... 6

C. The Court Cannot Judicially Notice Documents to Resolve Disputed Facts .......... 8

D. Exhibits 1-16 Are Not Incorporated by Reference .......... 9

i. Third Party Privacy Policies and Webpages Are Not Incorporated by Reference .......... 9

ii. Yahoo Privacy Policies and Webpages Are Not Incorporated by Reference .......... 10

IV. CONCLUSION .......... 11

**TABLE OF AUTHORITIES**

**PAGE(S)**

CASES

*Alvarado v. Mount Pleasant Cottage Sch. Dist.*,
404 F. Supp. 3d 763 (S.D.N.Y. 2019) ........................................ 9

*Aubrey v. New Sch.*,
624 F. Supp. 3d 403 (S.D.N.Y. 2022) ........................................ 7

*B2B Rocket, LLC v. Kalendar Inc.*,
2024 WL 3833970 (S.D.N.Y. Aug. 15, 2024) ........................................ 3

*Berkson v. Gogo LLC*,
97 F. Supp. 3d 359 (E.D.N.Y. 2015) ........................................ 2

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008) ........................................ 10

*Cabrera v. Dream Team Tavern Corp.*,
2016 WL 1627621 (E.D.N.Y. Apr. 22, 2016) ........................................ 2

*Calhoun v. Google, LLC*,
113 F.4th 1141 (9th Cir. 2024) ........................................ 6

*Carter v. Scripps Networks, LLC*,
670 F. Supp. 3d 90 (S.D.N.Y. 2023) ........................................ 7

*Cortec Indus., Inc. v. Sum Hol*ding L.P.
949 F.2d 42, 48 (2d Cir. 1991) ........................................ 11

*Davella v. Ellis Hosp., Inc.*,
2021 WL 1791889 (N.D.N.Y. May 5, 2021) ........................................ 4

*Fantozzi v. City of New York*,
2023 WL 4472305 (S.D.N.Y. July 11, 2023) ........................................ 10

*Galley Schuler v. Rainforest All., Inc.*,
2016 WL 10516026 (D. Vt. Feb. 10, 2016) ........................................ 3

*Golden v. NBCUniversal Media, LLC*,
688 F. Supp. 3d 150 (S.D.N.Y. 2023) ........................................ 7

*Guzman v. Bldg. Serv. 32BJ Pension Fund*
2023 WL 2526093 (S.D.N.Y. Mar. 15, 2023) ........................................ 9, 10, 11

*Happier Meditation, Inc. v. Rubin*,
2025 WL 1928547 (S.D.N.Y. July 14, 2025) ..... 8

*Hesse v. Godiva Chocolatier, Inc.*,
463 F. Supp. 3d 453 (S.D.N.Y. 2020) ..... 7

*Hughes v. Nat'l Football League*,
2024 Wl 4063740 (S.D.N.Y. Sept. 5, 2024) ..... 7

*Komatsu v. City of New York*,
2021 WL 1590205 (S.D.N.Y. Apr. 23, 2021) ..... 1, 2

*Lora v. Centralized Mgmt. Serv., Inc.*,
2020 WL 3173025 (S.D.N.Y. June 12, 2020) ..... 2

*Moore v. Madison Reed, Inc.*,
2023 WL 5097966 (N.D.N.Y. Aug. 9, 2023) ..... 3, 8

*Novartis Pharma AG v. Incyte Corp.*,
777 F. Supp. 3d 340 (S.D.N.Y. 2025) ..... 2, 4

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
2006 WL 3771013 (S.D.N.Y. Dec. 18, 2006) ..... 4

*Orozco v. Fresh Direct, LLC*,
2016 WL 5416510 n.1 (S.D.N.Y. Sept. 27, 2016) ..... 10

*Sec. & Exch. Comm'n v. Medallion Fin. Corp.*,
2022 WL 3043224 (S.D.N.Y. Aug. 2, 2022) ..... 11

*Sec. & Exch. Comm'n v. Thurlow*,
2024 WL 5202623 (S.D.N.Y. Dec. 23, 2024) ..... 2

*Shapiro v. Peacock TV*,
2025 WL 968519 n.4 (S.D.N.Y. Mar. 31, 2025) ..... 7

*Talwar v. Staten Island* Univ. *Hosp.,*
2016 WL 1298969 (E.D.N.Y. Mar. 31, 2016) ..... 6

*Tera Grp., Inc. v. Citigroup, Inc.*,
2019 WL 3457242 n.13 (S.D.N.Y. July 30, 2019) ..... 8

*Thorne v. Square, Inc.*,
2022 WL 542383 (E.D.N.Y. Feb. 23, 2022) ..... 7

*United States ex rel. Hart v. McKesson Corp.*,
602 F. Supp. 3d 575 (S.D.N.Y. 2022) ........................................................................... 8

*Videri, Inc. v. ONAWHIM (OAW) Inc.*,
2024 WL 4027980 (S.D.N.Y. Sept. 3, 2024) ........................................................... 9, 10

*Wilson v. Triller, Inc.*,
598 F. Supp. 3d 82 (S.D.N.Y. 2022) ........................................................................... 10

## I. INTRODUCTION

Aiming to extend its motion to dismiss far beyond the four corners of the Complaint,[1] Defendants Yahoo Inc. and Yahoo Ad Tech LLC ("Yahoo") seek judicial notice of more than 560 pages of privacy polices and webpage screenshots that it gleaned from various websites. This is nothing but a thinly veiled attempt to circumvent Rule 8 and deprive Plaintiffs of their opportunity to rebut the gaps in its argument. Indeed, Yahoo has failed to show why the proffered privacy policies and webpages it submits are relevant at all given that it cannot establish what Plaintiffs would have seen when they created their accounts, let alone why they would have stumbled upon Yahoo's separate webpages. Therefore, discovery, rather than judicial notice, is the right way forward.

Yahoo also fails to show why incorporation by reference should apply to numerous documents that the Complaint did not remotely mention. The passing references to Yahoo's privacy policy—the only document the Complaint did mention—cannot justify incorporation by reference where Plaintiffs' claims did not heavily rely on these brief references.

As such, Yahoo's request for judicial notice for the privacy policies and webpages (Exhibits 1-16) are squarely inappropriate and should be rejected.

## II. LEGAL STANDARD

"[A] court can only sensibly take judicial notice of facts relevant to the matters before the court." *Komatsu v. City of New York*, No. 20-CV-10942, 2021 WL 1590205, at *2 (S.D.N.Y. Apr. 23, 2021). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be

[1] Unless otherwise noted, citations to "¶ __" or "¶¶ __" are citations to paragraphs in the Second Amended Consolidated Class Action Complaint ("Complaint"), ECF No. 46.

used in determining that a fact is beyond controversy under Rule 201(b)." *Novartis Pharma AG v. Incyte Corp.*, 777 F. Supp. 3d 340, 354 (S.D.N.Y. 2025).

A document can be incorporated by reference only if the complaint makes a "clear, definite, and substantial reference" to it. *Lora v. Centralized Mgmt. Serv., Inc.*, No. 18-CV-4253, 2020 WL 3173025, at *1 (S.D.N.Y. June 12, 2020). "Mere discussion or limited quotation of a document in a complaint" is not sufficient. *Id*. A court may also consider an extraneous document on motion to dismiss when it is "integral" to the complaint, but only if the complaint "rel[ies] heavily upon the document's terms and effect." *See Sec. & Exch. Comm'n v. Thurlow*, No. 21-CV-7700, 2024 WL 5202623, at *5 (S.D.N.Y. Dec. 23, 2024).

## III. <u>ARGUMENT</u>

### A. <u>Third Parties' Privacy Policies and Sign-up Pages Are Irrelevant</u>

#### i. Yahoo Cannot Show Plaintiffs' Notice of or Assent to These Privacy Policies and Sign-up Pages

The only purpose for which Yahoo seeks judicial notice of the third parties' privacy policies and sign-up pages (Exhibits 1-10) is to support its consent defense (*see* Yahoo's Motion to Dismiss ("MTD"), ECF No. 50 at 11-12), but these documents are not relevant unless Yahoo can show Plaintiffs had notice of them and assented. *See Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 388 (E.D.N.Y. 2015) (explaining the "touchstone" of a "binding contract" is "[m]utual manifestation of assent" which requires "notice" and "unequivocal acceptance of the terms"). Otherwise, these are irrelevant materials that courts cannot take judicial notice of. *See Komatsu*, 2021 WL 1590205, at *2 ("[A] court can only sensibly take judicial notice of facts relevant to the matters before the court."); *Cabrera v. Dream Team Tavern Corp.*, No. 12CV6323, 2016 WL 1627621, at *3 (E.D.N.Y. Apr. 22, 2016) ("[C]ourts . . . have required that noticed facts be relevant."). This is true

even if there are no reasonable disputes as to the documents' authenticity. *See* Yahoo's Request for Judicial Notice ("RJN"), ECF No. 52 at 14; *Galley Schuler v. Rainforest All., Inc.*, No. 2:14-CV-226, 2016 WL 10516026, at *3 (D. Vt. Feb. 10, 2016) (finding "irrelevant" exhibit inappropriate for judicial notice even if its "accuracy" is not questioned).

Yahoo has shown neither notice nor assent. Yahoo cherry-picked a list of account sign-up pages for these third parties that purportedly show that "users must agree to" the privacy policies before they can sign-up for the respective accounts. *See* MTD at 4-8; *see also* ECF Nos. 51-7, 51-8, 51-9, 51-10. However, Yahoo's reasoning is missing the critical step: it has provided zero support that these are the sign-up pages that Plaintiffs would have encountered when they created their accounts.

Indeed, nowhere in the Complaint did Plaintiffs allege when they created their accounts with CBS Sports, Realtor.com, US Magazine, and FanDuel (¶¶ 14, 19, 24, 29, 34, 39), whereas Yahoo picked sign-up pages for these third parties that were almost exclusively within the two months of June and September 2025.[2] *See* RJN at 5-6. Nor did Yahoo point to any concrete evidence that Plaintiffs viewed these webpages, or clicked on any checkboxes or hyperlinks. *See* RJN at 10-15. Lacking such showing, judicial notice is not justified. *See B2B Rocket, LLC v. Kalendar Inc.*, No. 24-CV-1063, 2024 WL 3833970, at *1 (S.D.N.Y. Aug. 15, 2024) (refusing to judicially notice a 2022 Terms of Use where "nothing in the complaint" indicates when plaintiffs "signed up" for the platform at issue); *Moore v. Madison Reed, Inc.*, No. 122CV115, 2023 WL 5097966, at *2 (N.D.N.Y. Aug. 9, 2023) (finding screenshot of a webpage "not relevant" for judicial notice as it "did not depict what the plaintiff viewed"). Taking judicial notice of these

[2] Outside of these two months, Yahoo only provided two versions of the CBS Sports sign-up pages for April 20, 2024 and June 4, 2022. *See* RJN at 5. This is far from being "complete[]" as Yahoo claims. RJN at 12 n.1.

webpages and privacy policies now would deprive Plaintiffs of the opportunity to present their counter-argument that these do not apply because Plaintiffs created accounts at a different time. *See Novartis Pharma AG*, 777 F. Supp. 3d at 354 (explaining "caution must be used" when taking judicial notice because "the effect of judicial notice is to deprive a party of the opportunity to . . . to attack contrary evidence").

This flaw is further reflected in the fact that Yahoo seeks to judicially notice too many different versions of these third party privacy policies—up to nine versions for one policy—all because Yahoo does not know which one should apply. *See* RJN at 1-5; *see, e.g.*, MTD at 6 (relying on nine versions of A360 Media's privacy policies without specifying which one should apply). This is the exact kind of factual issue that needs to be reserved for the discovery stage, not judicial notice. *See Davella v. Ellis Hosp., Inc.*, No. 1:20-CV-00726, 2021 WL 1791889, at *3 (N.D.N.Y. May 5, 2021) (finding judicial notice of "documents from a website" not appropriate where they are not "dispositive of" the relevant issue and "[d]iscovery is necessary"); *see also O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, No. 06 CIV. 6278, 2006 WL 3771013, at *2 (S.D.N.Y. Dec. 18, 2006) ("[E]videntiary issue is appropriately left for discovery and is not a subject susceptible to judicial notice.").

**ii. Third Parties' Privacy Policies Cannot Give Rise to Consent Anyway**

Even if Plaintiffs would have encountered these third party sign-up pages and the privacy policies (which Yahoo failed to show), they are still irrelevant because these disclosures are insufficient to give rise to consent anyway. *See* ECF Nos. 51-1, 51-2, 51-3, 51-4, 51-5, 51-6.

***Paramount's Privacy Policies.*** The Paramount Privacy Policies for CBS Sports disclose only data that *Paramount* collects and *Paramount* uses from its own websites, and never mentions Yahoo's involvement. ECF No. 51-1. When it comes to sharing of data, these policies only vaguely

suggest that Paramount might share data with "business partners" without describing how these partners would "use the information." ECF No. 51-1 at 12. Paramount asked users to review these partners' "respective privacy policies" for further information, but users would not have known Yahoo would be one of them to begin with. *Id*. at 7. This is especially true when other entities like Google and Nielsen are listed, but not Yahoo. *Id*. at 16.

***Move Inc.'s Privacy Policies.*** Move Inc.'s Privacy Policies similarly disclose it may share data with non-descript "Business Partners" while mentioning other entities like Amplitude but not Yahoo. ECF No. 51-2 at 8. These policies even expressly promise that neither Amplitude nor Move Inc. will "use this data to identify individual users or to match it with further data on an individual user"—the exact conduct Yahoo *does* engage in. *Id*.

***Move Inc.'s Cookie Policies.*** Move Inc.'s Cookie Policies again mention nothing about Yahoo while asking users to check these non-identified third party cookie providers' own privacy policies. ECF No. 51-3 at 7. They also generally mentioned that cookies can be used to deliver "relevant" advertisements, but failed to disclose that a third party like Yahoo can develop a user's comprehensive profile across the internet using this information. *Id*. at 6.

***A360 Media's Privacy Policies.*** A360's Privacy Policies merely state that it may "disclose" data to non-defined "service providers" or "business partners and affiliates," such as "background screening service providers" and "legal advisors and financial advisors." ECF No. 51-4 at 6. Where it states it uses "pixels" it says only that A360 Media may collect "technical information" and "navigation events and session information." *Id*. at 4-5. None of these disclosures come close to revealing Yahoo's own comprehensive profiling activities.

**A360's Cookie Policies.** A360's Cookie Policies mainly focused on specifically identified third parties such as Google and LiveRamp, but contain no reference to Yahoo. ECF No. 51-5 at

3. They specifically disclosed similar profiling activities by LiveRamp, but limited this disclosure to LiveRamp alone, leading users to believe that none other than LiveRamp would use the data for a similar profiling system. *Id*. at 3-4.

***FanDuel's Privacy Policies.*** FanDuel's Privacy Policies states what data it personally will collect and mentions it may personally use "unique (anonymous) cookie identifiers" and "mobile device identifiers," but makes no mention of Yahoo's ConnectID or Yahoo's development of user profiles. ECF No. 51-6 at 9. Like above, they mention Google Analytics by name but fails to make any reference to Yahoo. *Id*.

In sum, these vague and incomplete statements mention nothing about Yahoo and its profiling activities and they are therefore irrelevant to this case in the first place. *See Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024) (privacy disclosures can establish consent only if they "'explicitly notify' users of the conduct at issue"). As such, judicial notice is not warranted.

**B. Yahoo's Privacy Policies and Webpages Are Irrelevant**

Yahoo's request for judicial notice is even more tenuous as to its own privacy policies and webpages (Exhibits 11-16). *See* ECF Nos. 51-11, 51-12, 51-13, 51-14, 51-15, 51-16. At the outset, there is no evidence that any Plaintiff has a Yahoo account. ¶¶ 13-42. That is likely why Yahoo did not even try to provide a single sign-up page for its own platform. RJN at 6-9. Well aware of this deficiency, Yahoo's consent defense did not meaningfully rely on any Yahoo privacy policies or webpages. *See* MTD at 11-13 (focusing on "privacy policies of the relevant third parties" for its consent argument). These privacies and webpages are therefore irrelevant and should not be considered. S*ee Talwar v. Staten Island Univ. Hosp.*, No. 12-CV-33, 2016 WL 1298969, at *7 (E.D.N.Y. Mar. 31, 2016) (striking exhibits that are "not relevant to the merits" and that the party "does not even cite" in her brief).

Yahoo's own authority supports Plaintiffs' position. *See* RJN at 14 (citing *Thorne v. Square, Inc.*, No. 20CV5119, 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022) (judicially noticing screens that "Plaintiff would have viewed" while refusing to notice screens "do not depict what Plaintiffs viewed")). The other cases Yahoo relies on do not support its position either because plaintiffs in these cases did not raise, and the courts did not address, the issue of relevance. *See* RJN at 14-15 (citing *Hughes v. Nat'l Football League*, No. 1:22-CV-10743, 2024 Wl 4063740, at *1-2 (S.D.N.Y. Sept. 5, 2024) (no discussion of judicial notice nor any mention of extrinsic evidence in the court's analysis); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020) (plaintiff never raised the relevance issue for purpose of judicial notice); *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 165 n.14 (S.D.N.Y. 2023) (same); *Fernandez v. Zoni Language Centers, Inc.*, No. 15-CV-60662016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016) (same); *Shapiro v. Peacock TV*, No. 23-CV-6345, 2025 WL 968519, at *6 n.4 (S.D.N.Y. Mar. 31, 2025) (same); *Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. 2023) (same); *Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 407-08 (S.D.N.Y. 2022) (same)).

### C. <u>The Court Cannot Judicially Notice Documents to Resolve Disputed Facts</u>

Even if the Court were to find Exhibits 1-16 relevant (which they are not), judicial notice of these documents is still inappropriate as they are used to resolve disputed factual issues. *United States ex rel. Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 592 (S.D.N.Y. 2022) (refusing to take "judicial notice of a disputed fact" on a motion to dismiss). Here, as explained above, Yahoo seeks judicial notice of the third-party privacy policies and sign-in pages for its argument that Plaintiffs consented to Yahoo's profiling activities (*see* Section III.A.i), a factual contention in direct contradiction with Plaintiffs' well-pled allegations. ¶¶ 132-133 (alleging Yahoo did not obtain consent because no users "would have any reason to suspect" Yahoo's misconduct in the first

place). Similarly, Yahoo seeks judicial notice of the Yahoo's privacy policies and webpages to directly refute Plaintiffs' factual allegation that its conduct was "surreptitious[]" and "secret[]." ¶¶ 156-157; *see also* Section III.B. These are not proper grounds for judicial notice, especially where Yahoo has not shown how these documents could apply to Plaintiffs. *See Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 CIV. 4302, 2019 WL 3457242, at *20 n.13 (S.D.N.Y. July 30, 2019) (refusing to take judicial notice "of a fact in contradiction of the well-pleaded allegations" where the documents "fall far short of the level of clarity" required); *Happier Meditation, Inc. v. Rubin*, No. 25-CV-1713, 2025 WL 1928547, at *3 (S.D.N.Y. July 14, 2025) (refusing to consider "extrinsic documents" in light of plaintiff's "well-pleaded allegations").

To the extent the Court insisted on judicially noticing some of these policies and webpages, it could at most do so as to the existence of such documents, but not Yahoo's interpretation of them that they are sufficient to establish Yahoo's consent defense. *See Moore v. Madison Reed, Inc.*, No. 122CV115, 2023 WL 5097966, at *2 n.3 (N.D.N.Y. Aug. 9, 2023) (taking judicial notice of "the fact of the website's publication, not the truth of any material therein" which therefore "do not affect the court's analysis of whether [plaintiff] has stated her claims").

### D. Exhibits 1-16 Are Not Incorporated by Reference

#### i. Third Party Privacy Policies and Webpages Are Not Incorporated by Reference

Throughout Plaintiffs' Complaint, there was no single reference to any of these third-party privacy policies or sign-up pages. *See, e.g.*, ¶¶ 97-106. Plaintiffs only alleged that they created accounts with one or more of these third parties. ¶¶ 14, 19, 24, 29, 34, 39. This passing reference of account creation is in no way a proper basis for judicially noticing the numerous webpages and privacy policies that Yahoo speculated (or hoped) Plaintiffs would have seen. *See Alvarado v.*

*Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 774 (S.D.N.Y. 2019) (rejecting similar argument that the policy document is "implicit in the allegations" where the complaint "never mentions the Policy").

Nor does the allegation in Paragraph 97 that "users are not prompted to agree to cookies" support incorporating by reference all these policies and webpages, as nothing here directly mentions any particular policy or any webpage other than https://www.cbssports.com. *See* RJN at 12 (citing ¶ 97); *see also Videri, Inc. v. ONAWHIM (OAW) Inc.*, No. 1:23-CV-2535, 2024 WL 4027980, at *8 (S.D.N.Y. Sept. 3, 2024) (finding that "targeted" reference to "a specific page" does not justify incorporation by reference of "every other page on the website").

*Guzman v. Bldg. Serv. 32BJ Pension Fund*, which Yahoo relies on (RJN at 12), is distinguishable." No. 22-CV-01916, 2023 WL 2526093, at *6 (S.D.N.Y. Mar. 15, 2023). The court found the letters at issue were incorporated by referenced only because the plaintiff "details each of these letters . . . [,] includes the date of the letter, to and from whom they were sent, and quotes in part from two of the letters and summarizes the contents of the third." *Id*. The Complaint here made no similarly extensive references to the third party privacy policies or the sign-up pages.

**ii. <u>Yahoo Privacy Policies and Webpages Are Not Incorporated by Reference</u>**

Yahoo's argument as to its own privacy policies and webpages fares no better. RJN at 12-14. First, Yahoo points to Plaintiffs' purported reliance on one of Yahoo's webpages "to describe how ConnectID works," and claims that this justifies incorporating by reference all the other separate webpages like its privacy policies and opt-out pages. *See* RJN at 12-13 (citing ¶¶ 5-10, 16, 21, 26, 31, 36, 41, 71, 73-87). However, these are entirely distinct webpages such that the mere reliance on one cannot support incorporating by reference the other. *See Videri, Inc.*, 2024 WL 4027980, at *8 (reference to "a specific page" does not mean "other page[s] on the website" are

incorporated); *Fantozzi v. City of New York*, No. 1:21-CV-4439, 2023 WL 4472305, at *3 (S.D.N.Y. July 11, 2023) (refusing to consider documents "distinct from" what is incorporated in the complaint).[3]

None of the cases Yahoo cited supported its novel theory that reliance on one webpage can support incorporating other totally separate webpages. *See* RJN at 12-13 (citing *Orozco v. Fresh Direct, LLC*, No. 15-CV-8226, 2016 WL 5416510, at *1 n.1 (S.D.N.Y. Sept. 27, 2016) (incorporating the exact website the complaint "explicitly" relies on); *Guzman*, 2023 WL 2526093, at *6 (incorporating the exact "letters" plaintiff "details" in the complaint); *Wilson v. Triller, Inc.*, 598 F. Supp. 3d 82, 86 (S.D.N.Y. 2022) (considering the exact screenshot that was "included in the complaint" and privacy policy expressly linked in this particular screenshot); *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 200 (S.D.N.Y. 2008) (incorporating the "only signed document," the terms of which plaintiffs' breach of fiduciary claim explicitly relied on)).

Yahoo's separate argument that the Complaint referenced its privacy policies also fails. Yahoo points to five brief references to its privacy policies in the Complaint (*see* RJN at 13 (citing ¶¶ 8, 72, 111, 114, 143)), but passing references like these in no way rise to a level of "substantial reference" that is required for the Court to consider them on a motion to dismiss. *See Sec. & Exch. Comm'n v. Medallion Fin. Corp.*, No. 21-CV-11125, 2022 WL 3043224, at *1 (S.D.N.Y. Aug. 2, 2022) (finding "passing . . . references" to a document do not warrant incorporation by reference where they are not "cited substantially" in the complaint). In any event, Yahoo's privacy policies are irrelevant because Yahoo does not rely on them for its consent argument. *See* Section III.B.

*Cortec Indus., Inc. v. Sum Holding L.P.* is inapposite because the "Stock Purchase

[3] To the extent Plaintiffs limitedly relied on one developer-facing document relating to integration of ConnectID (Exhibit 14), it is still irrelevant to the pending motion to dismiss because Yahoo made no efforts to mention it or use it in its own argument. *See* Section III.B.

Agreement" and accompanying documents at issue there were the exact documents that formed the basis of plaintiffs' securities claims, whereas the Yahoo privacy policies here play a tangential role in Plaintiffs' Complaint. 949 F.2d 42, 48 (2d Cir. 1991). Nor does *Guzman* apply here because, as explained above, Plaintiffs' passing references of Yahoo's privacy policies do not rise to the level of "detail[ing]" as the plaintiff did in that case. 2023 WL 2526093, at *6.

## IV. CONCLUSION

Yahoo's Request for Judicial Notice for Exhibits 1-16 should be denied for the reasons described herein.

Dated: October 17, 2025

*<u>/s/ Gary M. Klinger</u>*
Christian Levis
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Interim Lead Class Counsel*

Vicki J. Maniatis (NY Bar No. 2578896)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel.: (516) 491-4665
vmaniatis@milberg.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Charles E. Schaffer (*pro hac vice*)
Nicholas J. Elia (*pro hac vice* forthcoming)
**LEVIN SEDRAN & BERMAN LLP**

510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Brett Cohen
**LEEDS BROWN LAW, P.C**.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
bcohen@leedsbrownlaw.com

Jeffrey S. Goldenberg (*pro hac vice*)
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Phone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 3,355 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c). I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2025 *_/s/ Gary M. Klinger_*