**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BAKER, WILLIAM DAVIS, BRIAN HUNTING, LOUIS CORVI, CHRISTOPHER HACKETT, and RATIEK LOWERY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO INC. and YAHOO AD TECH LLC,<br><br>Defendants. | Case No. 1:25-cv-2797-DLC<br><br>Hon. Denise L. Cote |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiffs Consented to Yahoo's Receipt of Information Through ConnectID .......... 2

B. Plaintiffs Do Not Plausibly Allege that Yahoo Acted with the Requisite Scienter .......... 2

C. Plaintiffs Fail to Plead a CIPA Claim .......... 3

1. Plaintiffs Do Not Plead Interception or Reading "In Transit" (Count 4) .......... 4

2. Plaintiffs Do Not Plead That Yahoo Accessed "Confidential" Communications Using a "Device" (Count 5) .......... 4

3. Plaintiffs Do Not Plead That Yahoo "Uses" a "Pen Register" or "Trap and Trace" Device (Count 6) .......... 6

D. Plaintiffs Do Not Plead CDAFA Violations (Count 7) .......... 7

E. Plaintiffs Fail to Plead Intrusion Upon Seclusion (Count 2) or a Constitutional Privacy Claim (Count 3) .......... 9

F. Plaintiffs Do Not State a Claim Under New York's General Business Law (Count 1) .......... 10

G. There Is No Cognizable Unjust Enrichment Claim (Count 8) .......... 11

H. Injunctive Relief Is Not Available (Count 9) .......... 12

III. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bui-Ford v. Tesla, Inc.*,
2024 WL 694485 (N.D. Cal. Feb. 20, 2024) ....................8

*Campbell v. Facebook, Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ....................5

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) ....................4

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ....................5

*Cooper v. Mount Sinai Health Sys., Inc.*,
742 F. Supp. 3d 369 (S.D.N.Y. 2024)....................11

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ....................8

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024)....................4

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ....................3

*Doe v. Call-On DOC, Inc.*,
2025 WL 1677632 (S.D. Cal. June 13, 2025)....................10

*Doe v. Cnty. of Santa Clara*,
2024 WL 3346257 (N.D. Cal. July 8, 2024)....................8

*Doe v. Eating Recovery Center LLC*,
2025 WL 2971090 (N.D. Cal. Oct. 17, 2025)....................1, 3, 4

*Doe v. GoodRx Holdings, Inc.*,
2025 WL 2052302 (N.D. Cal. July 22, 2025)....................5

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....................8

*In re Google Android Consumer Priv. Litig.*,
2013 WL 1283236 (N.D. Cal. Mar. 26, 2013)....................7

*In re Google Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ....................5

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ....................9

**TABLE OF AUTHORITIES**
**(*continued*)**

**Page(s)**

*Griffith v. TikTok, Inc.*,
697 F. Supp. 3d 963 (C.D. Cal. 2023) ....5

*Gutierrez v. Converse Inc.*,
2023 WL 8939221 (C.D. Cal. Oct. 27, 2023) ....8

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) ....10

*Javier v. Assurance IQ, LLC*,
2021 WL 940319 (N.D. Cal. Mar. 9, 2021) ....2

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ....9

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025) ....6

*Lesh v. Cable News Network, Inc.*,
767 F. Supp. 3d 33 (S.D.N.Y. 2025) ....6

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ....10

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019) ....11

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ....9

*In re Meta Healthcare Pixel Litig.*,
713 F. Supp. 3d 650 (N.D. Cal. 2024) ....7

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) ....11

*Meyerson v. Prime Realty Servs., LLC*,
796 N.Y.S.2d 848 (2005) ....11

*Mount v. PulsePoint, Inc.*,
2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016) ....11, 12

*Nowak v. Xapo, Inc.*,
2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) ....7, 8

*Oden v. Bd. of Admin.*,
23 Cal. App. 4th 194 (1994) ....6

*People v. Superior Court (Smith)*,
70 Cal. 2d 123 (1969) ....3

**TABLE OF AUTHORITIES**
**(*continued*)**

**Page(s)**

*Popa v. Microsoft Corp.*,
2025 WL 2448824 (9th Cir. Aug. 26, 2025)....9

*Riganian v. LiveRamp Holdings, Inc.*,
2025 WL 2021802 (N.D. Cal. July 18, 2025)....4

*Rodriguez v. ByteDance, Inc.*,
2025 WL 672951 (N.D. Ill. Mar. 3, 2025)....7

*Rodriguez v. Cheesecake Factory Inc.*,
2017 WL 6541439 (E.D.N.Y. Aug. 11, 2017)....10

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021)....5

*Rodriguez v. Google LLC*,
772 F. Supp. 3d 1093 (N.D. Cal. 2025)....7

*Rojas v. HSBC Card Servs., Inc.*,
20 Cal. App. 5th 427 (2018)....3

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024)....6

*Sheth v. New York Life Ins. Co.*,
709 N.Y.S.2d 74 (App. Div. 2000)....10

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021)....2

*Sipple v. City of Hayward*,
225 Cal. App. 4th 349 (2014)....11

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018)....2

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025)....4, 5

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
315 F. Supp. 3d 1147 (C.D. Cal. 2018)....8

*Washington v. Flixbus, Inc.*,
2025 WL 1592961 (S.D. Cal. June 5, 2025)....2

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
525 F. Supp. 3d 1017 (N.D. Cal. 2021)....7

**Statutes**

Cal. Penal Code § 632....5

**TABLE OF AUTHORITIES**
**(*continued*)**

**Page(s)**

Cal. Penal Code § 638.50 ....................................................................................................6

Cal. Penal Code § 638.51 ....................................................................................................7

## I. INTRODUCTION

Plaintiffs double down on their theory that Yahoo is liable merely for providing a free, useful, and lawful advertising tool to third-party websites. But the claims they assert do not fit the facts they allege. That includes their claims under the California Invasion of Privacy Act ("CIPA"), which another court just recently emphasized is "a total mess" with unclear application to modern technology, such that courts should "generally resolve [its] many ambiguities in favor of the narrower interpretation." *Doe v. Eating Recovery Center LLC*, 2025 WL 2971090, at *1 (N.D. Cal. Oct. 17, 2025) ("*ERC*"). But plaintiffs not only advance an aggressive interpretation of that statute that would criminalize routine commercial behavior used across the online advertising industry; across the board, they ask the Court to lower the legal bar in ways inconsistent with governing law. Like the *ERC* court, this Court should reject that dangerous invitation. Plaintiffs' claims fail both for cross-cutting reasons and for failure to allege the facts necessary to satisfy numerous essential elements.

The most obvious basis for dismissal is that plaintiffs consented to the practices they challenge. Plaintiffs do not dispute that by creating accounts with the relevant third-party websites—CBS Sports, Realtor.com, US Magazine, and FanDuel—they agreed to those sites' policies. While plaintiffs argue the disclosures in those policies were not detailed enough to establish consent, courts have consistently found similar disclosures sufficient.

Plaintiffs also fail to plausibly allege Yahoo acted with scienter, and their insistence that mere awareness suffices is wrong as a matter of law. Nor do plaintiffs remedy the other claim-specific gaps Yahoo identified in its opening brief. The SAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs Consented to Yahoo's Receipt of Information Through ConnectID

When plaintiffs created accounts with CBS Sports, Realtor.com, US Magazine, and FanDuel, they agreed to privacy policies that disclosed each website's use of tracking technologies and third-party data-sharing. Mot. 11-13. Plaintiffs do not dispute that they agreed to the policies. *See* Opp. 3-5. Instead, they say the policies are not detailed enough to establish consent because they do not specifically name Yahoo or ConnectID. *Id.* But the law does not impose any such requirement, and plaintiffs do not identify a single case finding disclosures similar to the ones here insufficient.

Consent may be established where, as here, a policy discloses data-sharing with "partners," regardless of whether those partners are identified by name. *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4-5 (N.D. Cal. July 28, 2021); *see also Javier v. Assurance IQ, LLC*, 2021 WL 940319, at *3 (N.D. Cal. Mar. 9, 2021) (finding consent based on disclosure of data-sharing to "entities we engage to provide Services"). As plaintiffs concede, Opp. 4-5, the relevant policies "disclos[ed] the use of cookies and tracking pixels to track certain data and disclose that data to … business partners." *Washington v. Flixbus, Inc.*, 2025 WL 1592961, at *4 (S.D. Cal. June 5, 2025). A "reasonable person viewing those disclosures" would understand that the websites engage in the collection and sharing of data for advertising purposes, which establishes "[k]nowing authorization of the practice." *Smith v. Facebook, Inc.*, 745 F. App'x 8, 8-9 (9th Cir. 2018). The Court need not go any further.

### B. Plaintiffs Do Not Plausibly Allege that Yahoo Acted with the Requisite Scienter

Plaintiffs' generalized allegations regarding ConnectID fail to establish that Yahoo intended to collect confidential or private communications. *See* Opp. 6-7; SAC ¶¶ 58-69. Plaintiffs do not dispute that their California-law claims require scienter. Opp. 6-7. Instead, they

argue that it is "entirely 'irrelevant'" whether Yahoo had "knowledge that [its] conduct [was] 'unlawful.'" Opp. 6 (citation omitted). That is a strawman; Yahoo is not asserting a mistake-of-law defense. Rather, it is making the well-established point that to plead scienter, a plaintiff must allege facts plausibly showing that the defendant intended to engage in the specific conduct prohibited by law. *See People v. Superior Court (Smith)*, 70 Cal. 2d 123, 133 (1969). Plaintiffs' own cases demonstrate that "'the mere intent to activate a tape recorder' … is insufficient to constitute an offense" under Section 632. *Rojas v. HSBC Card Servs., Inc.*, 20 Cal. App. 5th 427, 434 (2018) (citation omitted); *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 840 (N.D. Cal. 2024) ("mere awareness that an interception might occur" is insufficient to establish wiretapping).

That means plaintiffs must allege Yahoo intended to record "confidential" "contents" or intrude on private communications, not merely that Yahoo intended to capture *some* data. *See* Mot. 13-14; *Doe*, 741 F. Supp. 3d at 840. Because plaintiffs have not plausibly alleged Yahoo intended to collect "confidential" or "private" communications (or that Yahoo actually collected such communications, *see infra* Section II.C.2), their claims must fail.

**C. Plaintiffs Fail to Plead a CIPA Claim**

Plaintiffs' CIPA claims fail because they do not plead that Yahoo (1) intercepted or read information while it was "in transit," (2) accessed "confidential" communications with a "device," or (3) "installed" or "used" a "pen register" or "trap and trace" device, as defined in CIPA. CIPA is "ill-suited for application to internet communications," and construing the statute narrowly, as this Court must, requires dismissal of plaintiffs' claims. *See ERC*, 2025 WL 2971090, at *6 (ambiguous language in CIPA must be read narrowly because the "rule of lenity applies—even when the statute is being invoked in a civil action").

### 1. Plaintiffs Do Not Plead Interception or Reading "In Transit" (Count 4)

Yahoo does not "intercept" or "read" the "contents" of a communication "in transit," as required by Section 631, because Yahoo Ad Tech receives information only after a delay. Mot. 15-16. While plaintiffs characterize this argument as "fact-based," Opp. 7, their own allegations confirm that Yahoo receives information *after* it has been hashed. *See, e.g.*, SAC ¶¶ 75, 78, 81, 83, 85. Plaintiffs do not allege that any data is in Yahoo's possession *before* hashing, let alone obtained "in transit."

Plaintiffs incorrectly contend that "brief delays" or "transitory storage" do not affect the "in transit" analysis. Opp. 8. Courts have strictly and literally enforced the "in transit" requirement, and brief delay is enough to defeat a CIPA claim. Even the cases plaintiffs rely on demonstrate that CIPA requires "real time" or "contemporaneous" interception. *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1198 (S.D. Cal. 2024); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1082 (N.D. Cal. 2015). The SAC makes no such allegations. Mot. 15. Nor do plaintiffs allege that any "reading" or "learning" occurs "in transit," a separate requirement under Section 631. *ERC*, 2025 WL 2971090, at *6 ("you must do something more than just intercept the communication while it is in transit to be held liable"). Plaintiffs' cases do not overcome this failure. *See Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *4 (N.D. Cal. Apr. 4, 2025) (no mention of "reading" in transit); *Riganian v. LiveRamp Holdings, Inc.*, 2025 WL 2021802, at *10 (N.D. Cal. July 18, 2025) (analyzing allegations of "real time" data processing).

### 2. Plaintiffs Do Not Plead That Yahoo Accessed "Confidential" Communications Using a "Device" (Count 5)

Plaintiffs do not allege Yahoo received any "confidential" communication or used a "device" to capture such communications, as required by Section 632.

***"Confidential."*** Plaintiffs argue there is no "presumption against online confidentiality" and that the creation of "user profiles" is enough. Opp. 9-10. They are wrong on both counts.

As a default rule, an "internet-based communication cannot be confidential" because digital communications are easily captured and shared. *In re Google Inc.*, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) (collecting cases). Plaintiffs point to two, non-binding outlier cases that declined to apply this presumption, Opp. 10, but the weight of authority goes the other way. *See, e.g.*, *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021); *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051-52 (N.D. Cal. 2018); *Campbell v. Facebook, Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014). In any event, plaintiffs have not plausibly alleged an "objectively reasonable expectation" that *no party*—including the website they were visiting—was recording their data, so their Section 632 claim must fail. *Rodriguez*, 2021 WL 2026726, at *7.

Plaintiffs' alternative theory—that creating "user profiles" satisfies the "confidential communications" element, Opp. 9-10—fares no better. Section 632 prohibits "eavesdrop[ping]" or "record[ing]," not post-recording use. CIPA § 632(a). Because a "confidential communication" is defined by the "circumstances" it is "carried on in," CIPA § 632(c), the downstream uses cannot establish confidentiality. Plaintiffs' own cases support this reading. *See Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302, at *14 (N.D. Cal. July 22, 2025) (communications were confidential because they related to medical information); *Rack Room Shoes*, 2025 WL 1085169, at *5 (communications were confidential because defendant "promise[d] that third parties would not intercept or use … information"); *Griffith v. TikTok, Inc.*, 697 F. Supp. 3d 963, 971-72 (C.D. Cal. 2023) (disclosures implied data would not be collected). Allegedly building a "user profile" is thus insufficient on its own, and plaintiffs offer nothing more.

***"Device."*** The plain meaning of "device" is a standalone physical object. Mot. 17-18. Because ConnectID is not a physical object, it is not a "device." *Id.* While some courts have concluded that software can be a device, *see* Opp. 11, those decisions are not controlling, and their reasoning is flawed because they rely on statutory purpose rather than text. *See Oden v. Bd. of Admin.*, 23 Cal. App. 4th 194, 201 (1994) ("Statutory interpretation begins with the text and will end there if a plain reading renders a plain meaning…."). This Court should analyze CIPA's plain meaning, not defer to other courts' erroneous interpretations.

### 3. Plaintiffs Do Not Plead That Yahoo "Uses" a "Pen Register" or "Trap and Trace" Device (Count 6)

Plaintiffs' theory that ConnectID is a "pen register" or "trap and trace" device "used" by Yahoo is meritless.

*First*, Section 638.51 applies only to devices that collect non-content information. CIPA § 638.50(b)-(c); *see* Mot. 19-20. Because plaintiffs allege ConnectID transmits contents, it is outside the statute's scope. Mot. 19-20. Plaintiffs' cases do not hold that technology like ConnectID falls within the definitions of a "pen register" or "trap and trace" device. Both *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33 (S.D.N.Y. 2025), and *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024), dealt with tools that tracked IP addresses, not contents. Plaintiffs argue that ConnectID is covered by these provisions because it collects *both* content *and* non-content information. Opp. 13. While some courts have adopted this reading, *see id.*, others have correctly rejected it because it functionally excises the words "but not" from the statute, an impermissible result. *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025).

*Second*, plaintiffs' contention that "Yahoo uses its technology" to receive and process information from third parties, Opp. 11-12, misses the point. The statute prohibits *installation of*

*the pen register*, not mere receipt (or later use) *of data*. CIPA § 638.51(a). Here, plaintiffs do not dispute that third-party websites install ConnectID, not Yahoo. SAC ¶¶ 70-71. Yahoo's alleged receipt and processing of information does not amount to "use" of a pen register.

**D. Plaintiffs Do Not Plead CDAFA Violations (Count 7)**

Plaintiffs' CDAFA claims do not establish "damage or loss" or actions by Yahoo taken "without permission," and fail to satisfy the discrete requirements of each subsection under Rule 9(b). Mot. 20-23; *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020).

***"Damage or loss."*** Plaintiffs rely on three theories of harm: depletion of device resources, unjust profits obtained by Yahoo, and diminution in value of their personal data. Opp. 14-15. None fits within the "narrow" harms "encompass[ed]" by CDAFA. *Rodriguez v. ByteDance, Inc.*, 2025 WL 672951, at *6 (N.D. Ill. Mar. 3, 2025); *see* Mot. 20-21.

Plaintiffs' "resource depletion" argument rests on generalized claims about "tracking technology" and "serving ads," with no reference to Yahoo's tools. SAC ¶¶ 123-31. But plaintiffs must show that *defendant's* access harms *plaintiffs'* devices, as their own cases demonstrate. *See In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650, 655-56 (N.D. Cal. 2024); *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1110 (N.D. Cal. 2025). The SAC suggests only that third-party websites enabling ConnectID may have affected bandwidth, which does not demonstrate that Yahoo caused any "loss or damage" to plaintiffs' devices. *In re Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at *11 (N.D. Cal. Mar. 26, 2013).

Plaintiffs' "profit" theory cannot be sustained because the SAC does not allege that Yahoo "shared, let alone sold, any of Plaintiffs' data." *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1044 (N.D. Cal. 2021). Rather, the SAC alleges merely that Yahoo *receives* information from websites with ConnectID installed. *See, e.g.*, SAC ¶ 200.

Finally, plaintiffs do not seriously defend their argument that loss of value of their data constitutes CDAFA harm, *see* Opp. 15, which has been rejected by courts. *See, e.g.*, *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021); *Doe v. Cnty. of Santa Clara*, 2024 WL 3346257, at *9 n.7 (N.D. Cal. July 8, 2024).

***"Without permission."*** Plaintiffs argue that they need not allege circumvention of code-based barriers, Opp. 15-16, but their position has been repeatedly rejected. *Bui-Ford v. Tesla, Inc.*, 2024 WL 694485, at *5 (N.D. Cal. Feb. 20, 2024); *Gutierrez v. Converse Inc.*, 2023 WL 8939221, at *4 (C.D. Cal. Oct. 27, 2023) (dismissing CDAFA claim where defendant did not "overc[o]me any technical or code-based barriers"). Their argument that Yahoo creates an "end-run" to privacy frameworks, Opp. 16, is conclusory and does not show any "code-based barrier" circumvention.

***Statutory violations.*** Plaintiffs also fail to plead each CDAFA subsection with the specificity required under Rule 9(b). Mot. 22-23; *Nowak*, 2020 WL 6822888, at *5.

*Section 502(c)(1)*: Plaintiffs say Yahoo "placed cookies and other identifiers in their local storage," Opp. 16, but the SAC makes clear that third-party websites, not Yahoo, place cookies, SAC ¶¶ 73-87. Plaintiffs also do not explain how cookies alter or damage the data itself. *See Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1175 n.5 (C.D. Cal. 2018) ("use" requires alteration or damage).

*Sections 502(c)(3), (c)(7)*: Plaintiffs assert that Yahoo somehow directly accessed their devices, Opp. 17, but this is directly contradicted by the SAC, SAC ¶¶ 73-87.

*Section 502(c)(8)*: Plaintiffs fail to plead that ConnectID "overc[ame] a technical barrier without the permission of the owner" or resulted in their devices' normal operation being "usurped," *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1083 (N.D. Cal. 2023).

*Sections 502(c)(2), (c)(6), (c)(13)*: Plaintiffs cannot establish Yahoo's intent, or any lack of consent. *See* Mot. 23; *supra* Sections II.A-B.

**E. Plaintiffs Fail to Plead Intrusion Upon Seclusion (Count 2) or a Constitutional Privacy Claim (Count 3)**

Plaintiffs have not plausibly alleged a reasonable expectation of privacy, serious invasion of privacy, or legally protected privacy interest. Mot. 23-26.

*First*, plaintiffs argue they have an expectation and a legally protected privacy interest to not be subject to Yahoo's alleged "cross-platform surveillance." Opp. 19-21. But plaintiffs' claims are premised on the four websites they created accounts on and visited, and none of those sites involve sensitive information. SAC ¶¶ 13-42. Even if ConnectID were used on "thousands of web properties," including "medical and financial websites," Opp. 20-21, plaintiffs do not allege that any of *their* medical or financial information was shared or that *they* have accounts with those websites. SAC ¶¶ 100, 104-05. No plausible reading of the SAC supports plaintiffs' argument that Yahoo invaded their expectation of privacy. *See Popa v. Microsoft Corp.*, 2025 WL 2448824, at *5 (9th Cir. Aug. 26, 2025). And the "bits and pieces" of data collected from the four third-party websites at issue do not implicate a legally protected privacy interest. *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019).

*Second*, plaintiffs argue that cross-platform tracking and profile building is a "sufficiently serious" privacy invasion. Opp. 20. But as plaintiffs' own cases demonstrate, more is required. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598-99 (9th Cir. 2020) ("cradle-to-grave profile" including sensitive information created, contrary to defendant's express promises); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023) ("sensitive health and personal safety information" and "race and politics"). Data comprising a "numeric code associated with a user" and online browsing patterns—the information at issue here—does not

clear the "high bar" needed to state a claim. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *see also Hubbard v. Google LLC*, 2024 WL 3302066, at *8 (N.D. Cal. July 1, 2024) (data collection is "ubiquitous, commercial behavior"). Accepting plaintiffs' theory would open the floodgates to privacy claims for lawful online conduct.

**F. Plaintiffs Do Not State a Claim Under New York's General Business Law (Count 1)**

Plaintiffs' GBL claim does not plausibly allege acts in New York, consumer-oriented materially misleading conduct, injury, or causation—providing four independent grounds for dismissal. Mot. 26-30.

*First*, plaintiffs concede that none of them—besides Lowery—may bring a GBL claim. Opp. 22. The SAC alleges Lowery visited FanDuel and is a resident of New York, but does not specify the timing of either. SAC ¶¶ 38-40. The SAC therefore does not contain sufficient grounds for a reasonable inference that Lowery was in New York when he accessed the website. *See Doe v. Call-On DOC, Inc.*, 2025 WL 1677632, at *6 (S.D. Cal. June 13, 2025) (rejecting California claim on similar grounds).

*Second*, plaintiffs do not plausibly allege any materially misleading conduct. Yahoo's alleged statements to "publishers," SAC ¶ 72; Opp. 23, are directed to business partners, not "consumers," so are not actionable. *Sheth v. New York Life Ins. Co.*, 709 N.Y.S.2d 74, 75 (App. Div. 2000). Yahoo's statement to consumers that it does "not share personally identifiable information," Opp. 23, is consistent with the SAC, which alleges that ConnectID "does not itself contain the users' actual email address or phone number," SAC ¶ 63. No party used plaintiffs' data "for an undisclosed purpose," Opp. 23, and plaintiffs were "provided with all the information necessary to understand the practice and its consequences." *Rodriguez v. Cheesecake Factory Inc.*, 2017 WL 6541439, at *3 (E.D.N.Y. Aug. 11, 2017). There is nothing "misleading" here.

*Third*, the cases cited by plaintiffs, Opp. 23-24, make clear that a "privacy injury" supports a GBL claim *only* "where confidential, individually identifiable information—such as medical records or a social security number—is collected without the individual's knowledge or consent." *Cooper v. Mount Sinai Health Sys., Inc.*, 742 F. Supp. 3d 369, 383-84 (S.D.N.Y. 2024); *see also Meyerson v. Prime Realty Servs., LLC*, 796 N.Y.S.2d 848, 850, 856 (2005) (similar); *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1038 (N.D. Cal. 2019) ("broad[] and deep[]" tracking of children's identifiable data). Plaintiffs do not plausibly plead that their sensitive financial or medical information was collected, and they cannot sustain their claims based on the collection of "pseudonymous" browsing history for targeted advertising. *Mount v. PulsePoint, Inc.*, 2016 WL 5080131, at *11 (S.D.N.Y. Aug. 17, 2016), *aff'd*, 684 F. App'x 32 (2d Cir. 2017).

*Fourth*, plaintiffs attempt to establish causation by arguing they would not have used websites with ConnectID if they had seen adequate disclosures from Yahoo. Opp. 24-25. But plaintiffs do not allege they ever visited Yahoo's website. Plaintiffs must allege "[a]t a minimum … that they would have seen the disclosures they fault [Yahoo] for omitting." *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1015 (N.D. Cal. 2024). They have not.

**G. There Is No Cognizable Unjust Enrichment Claim (Count 8)**

Plaintiffs' unjust enrichment claim is impermissibly duplicative of their other causes of action and fails to establish that Yahoo was enriched at plaintiffs' expense. Mot. 30-31. Plaintiffs' claim is based on Yahoo's "monetization and ongoing use of this data for its own benefit," Opp. 26, which is the same theory underlying their CDAFA claim, SAC ¶ 229. To evade their pleading deficiencies, plaintiffs invoke California law without explaining their choice-of-law theory. Opp. 25-26 & n.16. But California courts reject "duplicative" claims too. *Sipple v. City of Hayward*, 225 Cal. App. 4th 349, 363 (2014). Further, plaintiffs' allegations of harm, Opp. 25, amount to

generalized privacy concerns rather than any actionable loss caused by Yahoo. *See Mount*, 2016 WL 5080131, at *13.

**H. Injunctive Relief Is Not Available (Count 9)**

Plaintiffs cannot maintain a standalone claim for injunctive relief. Mot. 31. Plaintiffs argue they will not be able to identify and detect the technology in the future, Opp. 27, but they have notice that Yahoo provides the ability to opt out of ConnectID. Mot. 9; RJN Exs. 12, 15.

## III. CONCLUSION

The SAC should be dismissed with prejudice.

Dated: October 31, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren Goldman*

Lauren Goldman
lgoldman@gibsondunn.com
Jacob Arber
jarber@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Eric D. Vandevelde (*pro hac vice*)
evandevelde@gibsondunn.com
Ilissa Samplin
isamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000

*Attorneys for Defendants Yahoo, Inc. and Yahoo Ad Tech LLC*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 3,500 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c).

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 31, 2025

By: */s/ Lauren Goldman*
Lauren Goldman