**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BAKER, WILLIAM DAVIS, BRIAN HUNTING, LOUIS CORVI, CHRISTOPHER HACKETT, and RATIEK LOWERY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO INC. and YAHOO AD TECH LLC,<br><br>Defendants. | Case No. 1:25-cv-2797-DLC<br><br>Hon. Denise L. Cote |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

ARGUMENT ........ 1

A. The Third-Party Privacy Policies and Sign-up Pages (Exhibits 1-10) Are Judicially Noticeable and Incorporated by Reference. ........ 1

B. Yahoo's Privacy Policies, ConnectID Webpages, and Opt-out Options (Exhibits 11-16) Are Judicially Noticeable and Incorporated by Reference. ........ 5

CONCLUSION ........ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B2B Rocket, LLC v. Kalendar Inc.*,
2024 WL 3833970 (S.D.N.Y. Aug. 15, 2024) ....................3

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008) ....................5

*Cosgrove v. Oregon Chai, Inc.*,
520 F. Supp. 3d 562 (S.D.N.Y. 2021) ....................6

*Davella v. Ellis Hosp., Inc.*,
2021 WL 1791889 (N.D.N.Y. May 5, 2021) ....................3

*Happier Meditation, Inc. v. Rubin*,
2025 WL 1928547 (S.D.N.Y. July 14, 2025) ....................6

*United States ex rel. Hart v. McKesson Corp.*,
602 F. Supp. 3d 575 (S.D.N.Y. 2022) ....................6

*In re Kirkland Lake Gold Ltd. Sec. Litig.*,
2024 WL 5107289 (S.D.N.Y. Dec. 13, 2024) ....................6

*Moore v. Madison Reed, Inc.*,
2023 WL 5097966 (N.D.N.Y. Aug. 9, 2023) ....................3

*Network Apps, LLC v. AT&T Mobility LLC*,
778 F. Supp. 3d 610 (S.D.N.Y. 2025) ....................4, 6

*Nigro v. City of New York*,
2020 WL 7629455 (S.D.N.Y. Dec. 22, 2020) ....................2

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
2006 WL 3771013 (S.D.N.Y. Dec. 18, 2006) ....................3

*Orozco v. Fresh Direct, LLC*,
2016 WL 5416510 (S.D.N.Y. Sept. 27, 2016) ....................2, 5, 7

*Tera Grp., Inc. v. Citigroup, Inc.*,
2019 WL 3457242 (S.D.N.Y. July 30, 2019) ....................7

*Thorne v. Square, Inc.*,
2022 WL 542383 (E.D.N.Y. Feb. 23, 2022) ....................1, 2

*Videri, Inc. v. ONAWHIM (OAW) Inc.*,
2024 WL 4027980 (S.D.N.Y. Sept. 3, 2024) ....................5

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
127 F. Supp. 3d 156 (S.D.N.Y. 2015) ....................1

## INTRODUCTION

All the exhibits Yahoo asks the Court to consider in connection with its motion to dismiss the SAC are relevant, incorporated by reference, and judicially noticeable. Plaintiffs demand that the Court turn a blind eye to this relevant, verifiable evidence because the information contained in the exhibits dooms their claims.[1] Plaintiffs "s imply would prefer that the Court not consider these materials," *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015), but that is not a reason to ignore them, particularly where, as here, the documents are dispositive and plaintiffs "neither dispute the accuracy of these archived [and live] pages, nor offer anything in rebuttal." *Thorne v. Square, Inc.*, 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022). The Court should consider the exhibits submitted by Yahoo in ruling on the motion to dismiss.

## ARGUMENT

### A. The Third-Party Privacy Policies and Sign-up Pages (Exhibits 1-10) Are Judicially Noticeable and Incorporated by Reference.

Exhibits 1-10 are the sign-up pages and privacy policies for CBS Sports, Realtor.com, US Magazine, and FanDuel. These documents are central to dispositive issues in this case, and are both judicially noticeable and incorporated by plaintiffs' allegations, which revolve around each named plaintiff affirmatively creating an account and logging in to these websites. SAC ¶¶ 13-42. Plaintiffs do not challenge the authenticity of these documents, and their attempt to hide accurate, publicly accessible facts should be rejected.

*First*, Exhibits 1-10 are relevant to plaintiffs' claims, all of which depend on a lack of consent as a necessary element. *See* Dkt. 50 ("Mot.") 11-13. Plaintiffs argue that the exhibits are

[1] Plaintiffs challenge only Exhibits 1-16. Plaintiffs do not oppose, and thus concede, Yahoo's request that the Court take judicial notice of Exhibits 17-23, which contain the legislative history of California Penal Code §§ 638.50 and 638.51.

not relevant "unless Yahoo can show Plaintiffs had notice of them and assented." Dkt. 56 ("RJN Opp.") 2-3. But plaintiffs themselves allege that they created accounts with the four websites at issue. SAC ¶¶ 14, 19, 24, 29, 34, 39. And the only reasonable inference from those allegations is that plaintiffs assented to the terms one must assent to in order to create accounts with those websites. Plaintiffs do not argue otherwise. Their opposition contends *only* that the third-party privacy policies contained insufficient disclosures to establish actual consent to the challenged conduct. Dkt. 55 ("MTD Opp.") 3-5. While Yahoo disagrees and case law suggests otherwise, it is beside the point for this RJN. By asserting only that the third-party privacy policies and webpages fail to contain sufficient detail to establish consent, plaintiffs tacitly acknowledge that these policies and pages are pertinent to the issue at hand. Further, because plaintiffs "did not press this argument in [their] opposition to [Yahoo's] motion to dismiss" and instead "expressly framed" their argument around a different theory—namely, that they created accounts with these websites but the websites' policies did not adequately disclose the challenged practices—plaintiffs' notice argument is forfeited. *Nigro v. City of New York*, 2020 WL 7629455, at *3 (S.D.N.Y. Dec. 22, 2020).

*Second*, plaintiffs complain that Yahoo presented "too many different versions of these third-party privacy policies." RJN Opp. 4. But Yahoo was obligated to provide all possible versions as they "existed during the relevant time period." *Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016); *see also Thorne*, 2022 WL 542383, at *1 (taking judicial notice of archived webpages from relevant time period). As Yahoo explained in its request, because plaintiffs failed to provide information as to when they first created accounts with the third-party websites, Yahoo provided the Court with all available versions of the relevant policies in operation during the applicable statute of limitations period. RJN 12 n.1. Plaintiffs do not

contend that these versions are inaccurate or fail to cover the relevant period. Nor can plaintiffs credibly argue that because they failed to plead information that is exclusively within their control—namely, the date on which they created their accounts—that Yahoo's request should be denied. That would incentivize plaintiffs to selectively omit information from their pleadings to ensure that certain dispositive arguments cannot be resolved by a motion to dismiss. None of the cases plaintiffs cite support that proposition either, as both involve documents from outside the relevant time period. *See B2B Rocket, LLC v. Kalendar Inc.*, 2024 WL 3833970, at *1 (S.D.N.Y. Aug. 15, 2024) (involving a complaint that not only did not "indicate[] when (or if) plaintiffs 'signed up' for [defendant's] platform" but also alleged "that the parties' business relationship started in 2023, so it's not clear why the 2022 Terms of Use would control"); *Moore v. Madison Reed, Inc.*, 2023 WL 5097966, at *2 & n.3 (N.D.N.Y. Aug. 9, 2023) (holding that screenshot taken in June 2022 is not relevant to conduct that occurred in 2020 and 2021). Neither case blesses a plaintiff's strategic silence.

In any event, plaintiffs' quibbling about the volume of policies is a red herring. As Yahoo's motion and the policies themselves demonstrate, the disclosures were consistent throughout the relevant time period, defeating plaintiffs' claims for the entire limitations period. *See* Mot. 3-8. There is thus no need for discovery, and the cases plaintiffs cite to the contrary are inapposite because they involved issues that could not be resolved even through judicial notice of contested documents. *See Davella v. Ellis Hosp., Inc.*, 2021 WL 1791889, at *3 (N.D.N.Y. May 5, 2021) (noting that website's description of plaintiffs as "registered nurses" is not dispositive of their actual job duties); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 2006 WL 3771013, at *2 (S.D.N.Y. Dec. 18, 2006) (observing that notice of certain advertisements cannot prove "whether the use of handwriting styles and arrows is common in the advertising industry"). Plaintiffs also complain

that "Yahoo picked sign-up pages for these third parties that were almost exclusively within the two months of June and September 2025." RJN Opp. 3. But as Yahoo explained, it included "all available versions" from the last three years. RJN 12 n.1. To the extent older versions were not provided, that is because they were either unavailable or identical to the versions provided.

*Third*, plaintiffs contend that the third-party privacy policies "are insufficient to give rise to consent anyway," primarily because they do not specifically refer to Yahoo. RJN Opp. 4-6. As discussed in Yahoo's concurrently filed reply in support of the motion to dismiss ("MTD Reply"), the law does not require identification of specific parties and plaintiffs cite no authority to support their contrary position. *See* MTD Reply 2.

*Fourth*, plaintiffs' claim that the third-party privacy policies and webpages are "inappropriate" for judicial notice because they are being "used to resolve disputed factual issues" is legally and factually wrong. RJN Opp. 7. Disagreement between the parties is not a basis for denying a request for judicial notice, and the Court "need not accept as true allegations that *contradict* matters properly subject to judicial notice or by exhibit." *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610, 631 (S.D.N.Y. 2025) (citation omitted). Even if that were a basis for denial (it is not), plaintiffs *do not contest* that they had notice of and assented to the third-party privacy policies. *See generally* MTD Opp. 3-5. Nor are there any allegations in the SAC contradicting the fact that plaintiffs assented to the relevant third-party websites' privacy policies. To the contrary, plaintiffs' allegations demonstrate that they did in fact assent to these policies by creating accounts. SAC ¶¶ 14, 19, 24, 29, 34, 39. Plaintiffs do not challenge any of the other bases for taking judicial notice of these documents. *See* RJN 14-15.

*Fifth*, the third-party websites' privacy policies and sign-up pages are incorporated by reference, as plaintiffs claim they created accounts with each website. SAC ¶¶ 14, 19, 24, 29, 34,

39. Plaintiffs downplay the importance of the third-party privacy policies and sign-up pages by asserting that a "passing reference" to a website cannot provide the basis for incorporation by reference of the rest of the website. *See* RJN Opp. 9 (citing *Videri, Inc. v. ONAWHIM (OAW) Inc.*, 2024 WL 4027980, at *8 (S.D.N.Y. Sept. 3, 2024)). However, where a website is "at the center of Plaintiffs' allegations, … the Court may consider the website in its totality." *Orozco*, 2016 WL 5416510, at *5. Here, the third-party privacy policies and sign-up pages are integral to plaintiffs' allegations because plaintiffs' claims against Yahoo are completely dependent on their allegations that they visited these websites and provided their email addresses in connection with the account creation process. RJN 11-12. These policies and sign-up pages are thus incorporated by reference into the complaint, even if they are not "explicitly referenced." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 200 (S.D.N.Y. 2008).

**B. Yahoo's Privacy Policies, ConnectID Webpages, and Opt-out Options (Exhibits 11-16) Are Judicially Noticeable and Incorporated by Reference.**

Exhibits 11-16 are Yahoo's privacy disclosures and ConnectID's informational and opt-out pages. As with exhibits 1-10, these documents are authentic and relevant to plaintiffs' allegations, which concern Yahoo's allegedly inadequate disclosures regarding the ConnectID technology. SAC ¶¶ 8, 45, 111, 114, 132-38.

*First*, plaintiffs argue that Yahoo's privacy pages are irrelevant because "there is no evidence that any Plaintiff has a Yahoo account" and "Yahoo's consent defense did not meaningfully rely on any Yahoo privacy policies or webpages." RJN Opp. 6. Plaintiffs misunderstand the relevance of Yahoo's privacy policies and webpages. *Plaintiffs* put Yahoo's privacy policies and related webpages at issue by repeatedly arguing that *Yahoo* failed to adequately disclose ConnectID and made certain misrepresentations or omissions to consumers. SAC ¶¶ 5-11, 16, 21, 26, 31, 36, 41, 71, 73-87, 132-38. Plaintiffs even directly cite Yahoo's privacy

policies to argue that Yahoo's disclosures are inadequate. SAC ¶¶ 134 & n.2, 137 & n.3. Plaintiffs cannot simultaneously rely on Yahoo's publicly available statements and policies to bolster its claims and shield the statements themselves from judicial review. *See, e.g.*, *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 581 (S.D.N.Y. 2021) (considering judicially noticeable webpages and dismissing GBL § 349 claim after evaluating alleged misrepresentation in context); *see also In re Kirkland Lake Gold Ltd. Sec. Litig.*, 2024 WL 5107289, at *8 (S.D.N.Y. Dec. 13, 2024) (plaintiffs "may not cherry pick certain public statements for its complaint"). In any event, Yahoo does discuss these policies in its motion to dismiss, by outlining and explaining how they discuss ConnectID, to refute plaintiffs' claims that Yahoo's disclosures were inadequate. Mot. 9, 27-28.

*Second*, plaintiffs contend that Yahoo introduced the privacy policies and webpages to contest facts, but that is not a basis to deny Yahoo's request. Courts may consider "matters properly subject to judicial notice or by exhibit" even where they "contradict" allegations. *Network Apps*, 778 F. Supp. 3d at 631. Here, plaintiffs rely on and discuss Yahoo's statements in the context of alleging how ConnectID works. SAC ¶¶ 5-11, 16, 21, 26, 31, 36, 41, 71, 73-87. And, Yahoo's privacy policies and ConnectID pages are publicly available and verifiable sources. Plaintiffs do not dispute the accuracy of the exhibits submitted by Yahoo, and the mere fact that the full documents undermine plaintiffs' cherry-picked excerpts is not a reason to disregard them. None of the cases plaintiffs cite are to the contrary, as they all denied requests for judicial notice on other grounds. *See Happier Meditation, Inc. v. Rubin*, 2025 WL 1928547, at *3 (S.D.N.Y. July 14, 2025) (denying request to consider "extrinsic documents" because they are not attached as exhibits, incorporated by reference, or otherwise "integral" to the pleading at issue, *not* because the document contradicts pleadings); *United States ex rel. Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 591-92 (S.D.N.Y. 2022) (declining to take judicial notice "that other tools existed" because

assessment of whether tools qualified as "comparators" "require[d] a fact-based comparison"); *Tera Grp., Inc. v. Citigroup, Inc.*, 2019 WL 3457242, at *20 n.13 (S.D.N.Y. July 30, 2019) (declining to take judicial notice because documents at issue "fall far short of the level of clarity necessary").

*Third*, plaintiffs argue that their admitted reference to one of Yahoo's webpages discussing how ConnectID works cannot provide the basis to incorporate by reference Yahoo's privacy policies and other ConnectID pages. RJN Opp. 9. But plaintiffs disregard their own repeated references to Yahoo's *other* disclosures (or alleged lack thereof). SAC ¶¶ 8, 45, 111, 114, 132-38. As such, Yahoo's privacy policies and ConnectID pages are incorporated by reference because plaintiffs' primary allegations, which stem from Yahoo's alleged insufficient privacy disclosures regarding ConnectID, make these documents central to the allegations. *Orozco*, 2016 WL 5416510, at *5 (if a website is "at the center of Plaintiffs' allegations, … the Court may consider the website in its totality").

## CONCLUSION

For the reasons stated above and in the RJN, the Court should take judicial notice of Yahoo's Exhibits 1-16. The Court should also take judicial notice of Exhibits 17-23, which plaintiffs do not contest.

Dated: October 31, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren Goldman*

Lauren Goldman
lgoldman@gibsondunn.com
Jacob Arber
jarber@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Eric D. Vandevelde (*pro hac vice*)
evandevelde@gibsondunn.com
Ilissa Samplin
isamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000

*Attorneys for Defendants Yahoo, Inc. and Yahoo Ad Tech LLC*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 2,166 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c).

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 31, 2025

By: *_/s/ Lauren Goldman_*
Lauren Goldman