GIBSON DUNN

Ilissa Samplin
Partner
T: +1 213.229.7354
M: +1 516.732.0245
ISamplin@gibsondunn.com

November 6, 2025

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Baker v. Yahoo Inc. & Yahoo Ad Tech LLC*, Case No. 1:25-cv-02797-DLC (S.D.N.Y.)

Dear Judge Cote:

We represent Defendants Yahoo, Inc. and Yahoo Ad Tech LLC (together, "Yahoo") in the above-referenced matter. We write in response to plaintiffs' letter filed November 5, 2025, requesting leave to file a three-page sur-reply to address *Doe v. Eating Recovery Center LLC*, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ("*ERC*"). Dkt. 60.

Yahoo's citation of *ERC* in its reply brief does not provide grounds for a sur-reply. Yahoo's reply brief "asserts no new facts, raises no new legal arguments, and properly cites new cases only in response to Plaintiff's arguments." *Mohsen v. Morgan Stanley & Co. Inc.*, 2013 WL 5312525, at *3 n.2 (S.D.N.Y. Sept. 23, 2013). Yahoo cited *ERC* just three times in its reply brief, using less than 150 of 3,500 words to discuss the case. The discussion of *ERC* does not "raise new issues which are material to the disposition of the question before the Court," *id.*, and plaintiffs' request for additional briefing—on a motion that has already been fully briefed and submitted—should be denied.

If the Court nonetheless permits a sur-reply, Yahoo submits that there is no reason why plaintiffs require three full pages—more than a quarter the length of Yahoo's reply brief—to respond to three sentences (139 words) in Yahoo's reply brief. Any sur-reply should be limited to no more than 300 words. Yahoo also respectfully requests leave to file a short response to plaintiffs' sur-reply with a corresponding word-count restriction.

Respectfully submitted,

*/s/ Ilissa Samplin*__________
Ilissa Samplin

Cc: All counsel of record (via ECF)