```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
TYLER BAKER et al., individually and      :    25cv2797 (DLC)
on behalf of all others similarly         :
situated,                                 :    OPINION AND
                                          :       ORDER
                    Plaintiffs,           :
                                          :
              -v-                         :
                                          :
YAHOO INC. and YAHOO AD TECH LLC,         :
                                          :
                    Defendants.           :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiffs:

Christian Levis
Amanda Fiorilla
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

Vicki J. Maniatis
Milberg Coleman Bryson Phillips Grossman, PLLC
405 East 50th Street
New York, NY 10022

Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Charles E. Schaffer
Nicholas J. Elia
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Brett Cohen
Leeds Brown Law, P.C.
One Old Country Road, Suite 347

Carle Place, NY 11514

Jeffrey S. Goldenberg
Goldenberg Schneider, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242

For defendants:

Lauren Goldman
Jacob Arber
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Eric D. Vandevelde
Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

DENISE COTE, District Judge:

    Six individuals bring this putative class action against Yahoo Inc. and Yahoo Ad Tech LLC (collectively, "Yahoo"). The plaintiffs allege that Yahoo violated privacy laws by collecting information about them after they signed up for websites that utilize Yahoo's targeted advertising technology. Yahoo has moved to dismiss, arguing, <u>inter alia</u>, that the plaintiffs consented to the conduct at issue when they signed up for those websites. Because of the vague nature of the pleadings, however, Yahoo is unable to determine which policies and sign-up pages were in effect at the time the plaintiffs signed up for those websites. The Court will therefore order the plaintiffs

to make a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P.

## **Background**

The following facts are alleged in the second amended complaint ("SAC"). These allegations are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor.

Online targeted advertisements are curated for individuals based on information about them and their activities on the internet. Targeted advertisements are selected through a process of real-time bidding. Publishers of websites and other online services make spaces for targeted advertisements available for bidding with the assistance of supply-side platforms ("SSPs"); advertisers bid to purchase those spaces with the assistance of demand-side platforms ("DSPs"). SSPs can share identifying information about the individual when making bid requests, and DSPs enable advertisers to target individuals based on their identities and whatever information is available about them. Yahoo has a suite of targeted advertising products, acting as both an SSP and a DSP.

Targeted advertising relies on identifiers in order to determine and track individuals across their activities on the internet and across various devices. Yahoo's "Identity Graph"

ties together all known identifiers about an individual, including any known IP address and device identifiers.

In 2020, Yahoo introduced a new email-based identifier called Yahoo ConnectID ("ConnectID").  Any individual using a Yahoo-owned service, such as Yahoo Mail, has a ConnectID.  In addition, many individuals who do not use a Yahoo service are assigned a ConnectID as a result of integration between ConnectID and third-party websites, applications, and services.  That integration can involve the third-party sending Yahoo a hashed version of the user's email address, which Yahoo associates with a unique ConnectID.  The SAC asserts that ConnectID has been used to identify over 300 million individuals.

Yahoo also maintains profiles about individuals based on information it collects from websites, applications, and services that Yahoo owns or with which it partners.  The information contained in these profiles may include, for example, internet searches that an individual has run, webpages they have visited, IP addresses they have used, and identifiers for their devices.  This information is used along with ConnectID to facilitate the real-time bidding process.

The SAC is brought by six individuals.  Four of them reside in California, one resides in New York, and one resides in

4

Vermont.  Each of the plaintiffs created an account using their email address with at least one of four specific websites that "use Yahoo's tracking technology": CBS Sports, US Magazine, Realtor.com, and FanDuel.  The SAC alleges for each of the plaintiffs that when he logged into one of these websites with their email address, "Yahoo intercepted his email and assigned or attributed his information to an existing Yahoo ConnectID."  The SAC alleges that Yahoo then used ConnectID, along with other technology, to intercept "at least (1) [each plaintiff's] searches; (2) full-string URLs revealing what [each plaintiff] was viewing and interacting with on web properties; and (3) IP addresses and unique device identifiers."  The SAC alleges that the plaintiffs never consented to this scheme.

     The named plaintiffs seek to bring this action on behalf of two classes.  These are an "identifier class" consisting of "[a]ll natural persons in the United States for whom Yahoo intercepted or assigned a ConnectID or other identifier" and a "communications class" consisting of "[a]ll natural persons in the United States who had their communications with third parties intercepted or used by Yahoo without their consent."

     This action was filed on April 3, 2025 against Yahoo Inc. and Yahoo Ad Tech LLC.  A related action, Case No. 25cv2943, was filed against Yahoo Inc. on April 9 and was consolidated under

5

this action by an Order of April 15.  An Order of April 23 appointed Lowey Dannenberg, P.C. as interim lead class counsel.  On June 6, the plaintiffs filed a consolidated amended complaint solely against Yahoo Inc.  On August 4, Yahoo Inc. filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., accompanied by a request for judicial notice of various documents.

On September 5, the plaintiffs filed the SAC, which again brings claims against Yahoo Inc. and Yahoo Ad Tech LLC.  Specifically, the SAC brings a claim under the New York General Business Law § 349 (Count One); invasion of privacy claims based on the common-law tort of intrusion upon seclusion (Count Two) and the California Constitution (Count Three); claims under the California Invasion of Privacy Act, Cal. Penal Code §§ 631 (Count Four), 632 (Count Five), and 638.50 and 638.51 (Count Six); a claim under California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502 (Count Seven); a claim of unjust enrichment (Count Eight); and a claim seeking injunctive relief (Count Nine).

On September 26, the defendants filed a renewed motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., which is once again accompanied by a request that the Court take judicial notice of various documents.  The defendants request that the

Court take judicial notice of many versions of policies and sign-up pages associated with CBS Sports, US Magazine, Realtor.com, and FanDuel; policies available on Yahoo's website; and legislative history.  On October 17, the plaintiffs filed oppositions to the Yahoo's motion to dismiss and requests for judicial notice.  The plaintiffs oppose all of Yahoo's requests for judicial notice except those relating to legislative history.  Yahoo filed replies on October 17.  The plaintiffs requested to file a sur-reply in a letter of November 5, to which Yahoo responded in a letter of November 6.

## Discussion

Yahoo's primary argument for dismissal is that each of the plaintiffs consented to the practices described in the SAC when they signed up for CBS Sports, Realtor.com, US Magazine, or FanDuel.  Yahoo has requested that the Court take judicial notice of many versions the sign-up pages associated with those four websites and policies that are or have been referenced in those sign-up pages.  Yahoo contends that the plaintiffs' agreement to those policies establishes consent and is fatal to all the claims in the SAC.

"To form a contract, there must be a manifestation of mutual assent to the exchange between two or more parties made by written or spoken word, or by conduct."  Edmundson v. Klarna,

7

Inc., 85 F.4th 695, 703 (2d Cir. 2023) (citation omitted). These principles "apply with equal force to contracts formed online." Id. Web-based contracts include "clickwrap" and "browsewrap" contracts, as well as other interfaces that do not fit neatly into those categories. See Meyer v. Uber Techs., Inc., 868 F.3d 66, 75 (2d Cir. 2017).

Even if an internet user had no actual notice of the terms of a web-based contract, "the user will still be bound if (1) a reasonably prudent person would be on inquiry notice of the terms, and (2) the user unambiguously manifests assent through conduct that a reasonable person would understand to constitute assent." Edmundson, 85 F.4th at 703 (citation omitted). This inquiry is "generally measured by an objective standard" and is "fact-intensive." Id. (citation omitted). A "reasonably prudent user . . . is not a complete stranger to computers or smartphones, having some familiarity with how to navigate to a website or download an app." Id. at 704. Such a user "is on inquiry notice of contractual terms where the terms are presented in a clear and conspicuous way," as assessed based on "the design and content of the relevant interface." Id.

As noted, the SAC alleges that each of the plaintiffs created an account using their email address with at least one of four third-party websites -- CBS Sports, Realtor.com, US

Magazine, or FanDuel. The SAC does not specify, however, when the plaintiffs created those accounts. As a result, Yahoo is unable to identify the precise sign-up pages the plaintiffs encountered or the policies that those pages referenced.

Yahoo has instead attempted to cover the waterfront, asking the Court to take judicial notice of a large number of policies and sign-up pages that may be relevant. Specifically, Yahoo asks the Court to take judicial notice of twenty-five policies, which it asserts comprise "all available versions of the relevant policies from the last three years."[1] Yahoo also asks the Court to take judicial notice of ten sign-up pages, which comprise one or more versions of the sign-up page that a plaintiff might have encountered for each website.[2]

It would likely be appropriate to take judicial notice of the sign-up pages and other interfaces the plaintiffs encountered when they signed up for CBS Sports, Realtor.com, US

---

[1] This includes six versions of a privacy policy applicable to CBS Sports, two versions of a privacy policy applicable to Realtor.com, two versions of a cookie policy applicable to Realtor.com, nine versions of a privacy policy applicable to US Magazine, three versions of a cookie policy applicable to US Magazine, and three versions of a privacy policy applicable to FanDuel.

[2] This includes five versions of a sign-up page applicable to CBS Sports, two versions of a sign-up page applicable to Realtor.com, two versions of a sign-up page applicable to US Magazine, and one version of a sign-up page applicable to FanDuel.

Magazine, and FanDuel, as well as any policies that they included or referenced at that time.  Such materials may, on a motion to dismiss, establish a plaintiff's consent to the conduct described in the SAC and could be dispositive of the plaintiffs' claims.  Indeed, it appears that consent is a threshold issue in this litigation that is appropriately considered prior to Yahoo's other arguments for dismissal.

But the plaintiffs have objected to the Court taking judicial notice of the overinclusive set of policies and sign-up pages that Yahoo has submitted.  Moreover, a Court may not render advisory opinions.  Whichever of these materials were in effect at the time the plaintiffs signed up to the websites are relevant, but the others are not.

At the same time, the reason that Yahoo has been unable to make a more targeted request for judicial notice is that, as the plaintiffs themselves explain, "nowhere in the Complaint did Plaintiffs allege when they created their accounts with CBS Sports, Realtor.com, US Magazine, and FanDuel."  By pleading around that crucial information, the plaintiffs deprived Yahoo of the ability to make a properly targeted request for judicial notice and hamstrung Yahoo's ability to argue that the SAC should be dismissed based on the plaintiffs' consent.

Rule 12(e) of the Federal Rules of Civil Procedure provides for a motion "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Even when no such motion has been brought, "a court can sua sponte order a plaintiff to submit a more definite statement."  Momenian v. Davidson, 878 F.3d 381, 391 (D.C. Cir. 2017) (citation omitted); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014).

The Court will sua sponte order the plaintiffs to make a more definite statement.  The plaintiffs will submit an amended pleading that identifies when each of the plaintiffs created their accounts with CBS Sports, Realtor.com, US Magazine, or FanDuel.  The amended pleading will also include any other information that is available to the plaintiffs and necessary for Yahoo to identify (1) the interfaces the plaintiffs encountered when signing up for these websites and (2) policies that are linked or otherwise referenced in those interfaces.  After the amended pleading is submitted, Yahoo will be permitted to renew its motion to dismiss.

## Conclusion

Yahoo's September 26, 2025 motion to dismiss and request for judicial notice are denied without prejudice to renewal.

11

The plaintiffs' November 5, 2025 request to file a sur-reply is denied as moot. A separate order shall set forth a schedule for the plaintiffs to file an amended pleading and for Yahoo to bring any renewed motion to dismiss.

Dated:   New York, New York
         November 19, 2025

                                            DENISE COTE
                                 United States District Judge