LOWEY DANNENBERG P.C.

January 28, 2026

**Via Electronic Filing**
Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Baker v. Yahoo Inc.,* No. 1:25-cv-02797-DLC (S.D.N.Y.)

Dear Judge Cote:

Yahoo, Inc. and Yahoo Ad Tech LLC (collectively, "Yahoo") ask this Court to not only resolve its anticipated motion to compel before it is required to file an answer or move to dismiss, but to stay the entire case pending the "completion of arbitration proceedings" on the assumption its motion will be successful. ECF No. 67. But Yahoo is not moving to compel arbitration as to all Plaintiffs, so its request has no merit.

Granting Yahoo's request would needlessly delay the resolution of this action and prejudice Plaintiffs. As Yahoo admits, it cannot—and therefore does not intend to—move to compel all Plaintiffs to arbitration. *See* ECF No. 67 at 1. The Plaintiff who cannot be compelled to (or be bound by) any arbitration should proceed with the case; there is no basis to prejudice them by an indeterminate stay until the "completion of arbitration" that cannot adjudicate their claims. *See Faroque v. Park W. Exec. Servs.,* No. 15 CV 6868 (DLI), 2016 WL 11264720, at *12 (E.D.N.Y. Sept. 7, 2016), *report and recommendation adopted,* No. 15CV6868DLICLP, 2017 WL 1214482 (E.D.N.Y. Mar. 31, 2017) ("[E]ven if the Court were to disagree and determine that [two plaintiffs'] claims were subject to arbitration, it is respectfully recommended that the claims of the remaining plaintiffs be allowed to proceed in this Court in accordance with the agreements that those plaintiffs entered into with defendants. Nothing in their agreements indicated an intention to submit their disputes to an arbitrator[.]").

Yahoo's purported justification for this extreme global stay is meritless. While Yahoo claims that "[t]he scope of any motion to dismiss or answer to the TAC (including which claims remain at issue) will depend on which plaintiffs, if any, are compelled to arbitrate" (ECF No. 67 at 1), Yahoo already knows the Plaintiff it cannot compel to arbitration. It can easily file a motion to dismiss as to those claims, and any others it wants to challenge, at the same time as the arbitration motion. *See Faroque,* 2016 WL 11264720 (evaluating motion to dismiss and motion to compel arbitration simultaneously). Any theoretical narrowing that results from individual Plaintiffs potentially being compelled to arbitration can be handled if and when Yahoo succeeds with that motion (e.g., by dropping that individual's respective claims). But the possibility of Yahoo

LOWEY DANNENBERG, P.C.

prevailing on compelling some but not all Plaintiffs to arbitration does not support staying the entire action, as confirmed by Yahoo's inability to identify a single decision holding that Plaintiffs who are entitled to litigate their claims in this forum should be deprived of that right while others arbitrate.

Neither of the two cases Yahoo cites support this contention either, as they concerned situations where *all* plaintiffs faced a motion to compel, such that granting that motion would effectively resolve the action. *See* ECF No. 67 (citing *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 181 (S.D.N.Y. 2018) (noting that an arbitration motion should "generally" be heard first when it "goes to the Court's power to hear a case" which is only true when a defendant seeks to compel all plaintiffs to arbitration); *Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co.*, 2014 WL 297518, at *2 n.4 (S.D.N.Y. Jan. 28, 2014) (denying motion to compel the sole plaintiff to arbitration and merely noting in a footnote that defendant reserved its right to subsequently file a motion to dismiss)). As Yahoo admits, that is not the case here.

It is also unlikely that the purported efficiencies Yahoo claims will arise from staying this action will even materialize. Yahoo has failed to disclose which Plaintiff(s) it intends to move to compel arbitration against, such that it is impossible to determine if its contention that granting the motion will narrow the case is true, or realistic. For instance, there are three California Plaintiffs each asserting state-specific claims. A failure to compel any one of them to arbitration would leave the scope of the case unchanged. But even if Yahoo were successful in compelling arbitration as to all Plaintiffs asserting California claims, Plaintiffs would simply seek leave to amend to find a suitable representative not subject to arbitration to bring California claims on behalf of the California class.[1] The more efficient way forward is not to stay the case, but to obtain true clarity by resolving the legal challenges to all Plaintiffs' claims now.

Accordingly, Plaintiffs request that the Court deny Yahoo's request for (1) an extension to file its answer or move to dismiss; and (2) its request for a complete stay until any potential arbitration proceedings are complete.

Respectfully submitted,

Amanda Fiorilla

---

[1] That Yahoo is not moving to compel all Plaintiffs to arbitration confirms that there is some universe of individuals who—regardless of the success of Yahoo's motion—have an undeniable right to proceed in federal court.