UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER BAKER, WILLIAM DAVIS, BRIAN HUNTING, LOUIS CORVI, CHRISTOPHER HACKETT, and RATIEK LOWERY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>YAHOO INC. and YAHOO AD TECH LLC,<br><br>    Defendants. | Case No. 1:25-cv-2797-DLC<br><br><br>Hon. Denise L. Cote<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

WHEREAS, discovery related to Defendants' pending Motion to Compel Arbitration (Dkt. No. 71) ("Motion") is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the Motion may be warranted, and

WHEREAS, the parties have agreed to the following terms of confidentiality for the purposes of discovery related to the Motion only, and

WHEREAS, the Court has found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the Motion:

1.    Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" if counsel determines that it qualifies for protection under Federal Rule of Civil Procedure 26(c), that designation is necessary to protect the interests of the client in

1

information that is proprietary, a trade secret, or otherwise sensitive non-public information, or the disclosure of the document may cause harm to a party or non-party.

2.      Information and documents designated by a party as "CONFIDENTIAL" ("Confidential Information") will be stamped or labeled "CONFIDENTIAL."

3.      For testimony given in a deposition, counsel may state on the record before the close of the deposition, or in writing within 30 days of the conclusion of the deposition, that it seeks to designate testimony as "CONFIDENTIAL." Counsel shall have up to 30 days after the final transcript is received to identify the specific portions of the testimony that are considered Confidential Information. Pending counsel's designation, the entire transcript shall be treated as Confidential Information. To the extent a deponent gives testimony regarding exhibits that have been designated as "CONFIDENTIAL," unless the parties agree otherwise, that testimony must be treated as Confidential Information, regardless of whether the testimony itself receives express designation at or after the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL." Counsel shall inform the court reporter of any designations and request that transcripts containing Confidential Information include an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "CONFIDENTIAL."

4.      The protections conferred by the Stipulated Protective Order cover not only documents and information designated as "CONFIDENTIAL," but also (1) any information copied or extracted from documents or information designated as "CONFIDENTIAL"; (2) all copies, excerpts, summaries, or compilations of documents or information designated as

"CONFIDENTIAL"; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal documents or information designated as "CONFIDENTIAL."

5.    Any Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Motion.

6.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in with the Motion;

    c.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    d.  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

The parties will meet and confer if any production requires a designation of "For Attorneys' Eyes Only."

8.     Prior to disclosing or displaying the Confidential Information to any person not described above, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Motion and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not, by itself, constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11.     Pursuant to Federal Rule of Evidence 502, the inadvertent production of privileged or work product protected documents or communications, electronically stored information ("ESI"), or other information, shall not, by itself, constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

4

of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.     Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record any Confidential Information. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13.     After a final ruling on the Motion, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of a final order no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.     If a party is served with a subpoena or court order in other litigation that compels disclosure of any Confidential Information, that party must:

     a.  Promptly notify the designating party in writing. Such notification shall include a copy of the subpoena or court order.

     b.  Promptly notify the party that caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the subpoena or court order is subject to a Protective Order.

     c.  Cooperate with respect to all reasonable measures sought to be pursued by the designating party to maintain the confidentiality of the material.

d. If the designating party seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued.

15. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify the designating party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

16. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

So ordered.

*[signature]*

3/9/26

6

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 6, 2026

**LOWEY DANNENBERG, P.C.**

By: /s/ *Christian Levis*

Christian Levis
Amanda Fiorilla
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Vicki J. Maniatis (NY Bar No. 2578896)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
405 East 50th Street New York, NY 10022
Tel.: (516) 491-4665
vmaniatis@milberg.com

Charles E. Schaffer
Nicholas J. Elia
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Brett Cohen
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 268-3579
bcohen@leedsbrownlaw.com

Jeffrey S. Goldenberg (*pro hac vice*)
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Phone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com*

7

DATED: March 6, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Ilissa Samplin*  _____

Lauren Goldman
lgoldman@gibsondunn.com
Jacob Arber
jarber@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Eric D. Vandevelde (*pro hac vice*)
evandevelde@gibsondunn.com
Ilissa Samplin
isamplin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
*Attorneys for Defendants Yahoo, Inc. and
Yahoo Ad Tech LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____    _____

HONORABLE DENISE L. COTE
United States District Judge

8

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

_____ [print or type title], at _____

[print or type employer], located at _____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Southern District of New York in the

case of *Baker v. Yahoo, Inc.*, No. 1:25-cv-2797-DLC. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                     [printed name]

Signature: _____
                [signature]


9