

LOWEY DANNENBERG

May 7, 2026

*Granted.*
*Denise Cote*
*6/3/26*

**VIA ECF**
Hon. Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Baker v. Yahoo, Inc.*, No. 1:25-cv-02797-DLC (S.D.N.Y.)

Dear Judge Cote,

      Pursuant to the Southern District of New York's Electronic Case Filing Rule 21.7, Plaintiffs have notified the ECF Help Desk that Plaintiffs' filings ECF Nos. 84 and 85 were mistakenly filed publicly and should be filed under seal. The ECF Help Desk has accordingly locked these filings on May 7, 2026. Plaintiffs hereby request under Rule 21.7 that the Court keep these filings locked.

      Concurrent with this letter, Plaintiffs have re-filed their Opposition to Defendants' Motion to Compel Arbitration and Stay Case (the "Opposition") and Exhibits 1-15 to the Opposition (the "Exhibits") provisionally under seal pursuant to Judge Cote's Individual Practices Rule 8.

      Plaintiffs have provisionally filed under seal Exhibits to the Opposition that Defendants have designated as CONFIDENTIAL pursuant to the Parties' Stipulated Protective Order. ECF No. 83. Plaintiffs have also provisionally redacted portions of the Opposition that cite to, reference, or derive information from these Exhibits.

      Concurrently filed with this letter are (1) a public version of the Opposition with proposed redactions, (2) an unredacted version of the Opposition filed under seal that highlights all provisional redactions, and (3) all Exhibits filed under seal.

      Plaintiffs oppose the sealing of the entirety of all Exhibits and the redactions in the Opposition referencing the Exhibits because they only contain information relating to Defendants' internal "practices and policies" that do not constitute "trade secret[s]" or "competitively sensitive information." *See Metcalf v. TransPerfect Translations Int'l Inc.*, No. 19CV10104, 2023 WL 7297176, at *3 (S.D.N.Y. Nov. 6, 2023). Plaintiffs have highlighted these redactions with yellow in the Opposition. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *See Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *7 (S.D.N.Y. Sept. 27, 2024).

      Plaintiffs propose limited redactions of Exhibits 1, 14, and 15 that contain Plaintiffs' personally identifying information, including email addresses, IP addresses, and unique identifiers. Plaintiffs have highlighted these redactions with green in these Exhibits. Such information "carr[ies] a low presumption of public access" and is "typically sealed." *See Marsh & McLennan Companies Inc. v. Howden US Servs., LLC*, No. 1:25-CV-09130, 2026 WL 508603, at *16 (S.D.N.Y. Feb. 24, 2026); *Anderson v. Binance*, No. 20-CV-02803, 2026 WL 538293, at *11 (S.D.N.Y. Feb. 26, 2026).

1

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777


LOWEY DANNENBERG

4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Phone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

*Attorneys for Plaintiffs*

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777