# GIBSON DUNN

Ilissa Samplin
Partner
T: +1 213.229.7354
isamplin@gibsondunn.com

May 13, 2026

**VIA ECF**

*Granted.*
*Denise Cote*
*6/3/26*

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    *Baker v. Yahoo Inc.*, No. 25-cv-02797 (S.D.N.Y.) – Letter Motion to Seal

Dear Judge Cote:

We represent Defendants Yahoo Inc. and Yahoo Ad Tech LLC (collectively, "Yahoo") in the above-referenced matter.    We write concerning Yahoo's confidential material that was provisionally filed under seal in connection with plaintiffs' Opposition to Defendants' Motion to Compel Arbitration and Stay Case (the "Opposition") and Exhibits 1-15 to the Opposition (the "Exhibits"). Dkts. 87-91.

Exhibits 2–11 and 14–15, the portions of the transcript of the deposition of Robert Gurwin that comprise Exhibit 1, and the portions of the Opposition that reference those Exhibits reveal information concerning confidential and proprietary Yahoo systems, including Yahoo's account management tool, which tracks certain data concerning Yahoo accountholders.    Gurwin Decl. ¶ 3.[1]    This strictly internal software tool built by Yahoo allows only authorized individuals within Yahoo to access a database of information maintained regarding each account.    *Id.* ¶ 4. Not only is the scope and functionality of the tool confidential, but the user information contained therein is also maintained in strict confidence.    *Id.* ¶ 5.

Courts in this Circuit regularly find that "the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020).  The information revealed and reflected in Exhibits 1–11 and 14–15 is confidential and proprietary, and public disclosure could result in competitors seeking to duplicate Yahoo's internal tools or developing an understanding of precisely what information Yahoo collects and maintains about its users. *See JMG Improvements, Inc. v. Arch Specialty Ins. Co.*, 2021 WL 3173022, at *2 (S.D.N.Y. July 26, 2021) (granting motion to seal material treated confidentially, the disclosure of which competitors may "seek[] to duplicate or reconstruct").  These Exhibits reveal the specific categories of information that Yahoo retains both about its users and about its users' interactions with Yahoo's services.  *See* Gurwin Decl. ¶¶ 3–5.  Courts routinely seal information such as "the confidential names and descriptions of certain fields of data stored in [a] database." *Bottoms v. Block, Inc.*, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025); *see also Calhoun v. Google LLC*, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (granting motion to seal "various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers, and their proprietary functions").

---

[1] "Gurwin Decl." refers to the concurrently filed Declaration of Robert Gurwin in support of Defendants' Letter Motion to Seal.